| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v. | Case No. 3:25-cv-09757-MMC<br><br>**DECLARATION OF LEE ANN FELDER-HEIM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br>Date:     January 9, 2026<br>Time:    9:00 a.m.<br>Dept.:   Ctrm 7 – 19th Floor<br>Judge:   Hon. Maxine M. Chesney<br><br>Date Filed: November 12, 2025 |

| | |
|---|---|
| 1 | U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 |      Defendants. |

**Declaration of Lee Ann Felder-Heim**

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I work for the Asian Law Caucus as an immigration attorney. I focus on representation of detained immigration clients and have had a few dozen clients over my four years of legal practice.

3. I have represented individuals detained at Golden State Annex, Mesa Verde ICE Processing Center ("Mesa Verde"), Imperial Regional Detention Facility, and Otay Mesa Detention Facility. I currently represent two clients held at the California City Detention Facility.

4. Since my clients' transfer to the California City Detention Facility, it has been difficult to schedule consistent, reliable, and confidential calls with them. There are often delays in getting calls scheduled. For example, in October 2025, my co-counsel emailed the facility to schedule a virtual attorney visit (VAV). It took the facility approximately 1 week to respond to my co-counsel's email.

5. There are also sometimes delays in getting connected to my clients on a call. On November 5, 2025, I had a call scheduled with a client. The facility did not bring the client onto the call until 20 minutes after it was scheduled to begin. As a result, my call only lasted 40 minutes despite being scheduled for a full hour.

6. My client's medication protocol was disrupted when he was transferred from Mesa Verde. My client has multiple mental health conditions, including major depressive disorder, anxiety and schizoaffective disorder. At times, he has expressed suicidal ideation, especially when he has had inconsistent access to his medications. Immediately after his transfer to the California City Detention Facility, my client was given a different medication from the ones that he had been taking previously and which had been working well for him for some time. He advocated for himself with the facility and was able to return to his original medication plan. However, he frequently reported not receiving the medications every day or at the right time. More recently, he shared with me that he felt like he needed a higher dose of his medication. It took quite a while for the facility to schedule a doctor's visit for him to alter his dosage.

7. Because of the difficulty I've had scheduling VAVs with my client, we have had to arrange for a weekly date and time for him to call me from the common area phone line. This is not a valid alternative to a VAV because there are often guards or other

   detained individuals near the phone who can overhear what my client says. For my client in particular, phone calls are additionally challenging because he has some hearing issues that make it hard for him to hear me clearly by phone.

8. It is particularly important to have consistent and reliable access to video calls with clients in order to observe facial expressions and responses. For example, for my client with schizoaffective disorder, he will sometimes shift his gaze in reaction to an auditory hallucination. This kind of subtle facial clue is impossible to observe without a video or in-person visit. Observing this kind of clue allows me to advocate for my client if it appears that he may be experiencing a symptom of his illness that medication or other therapy might address.

9. In addition, litigation on behalf of detained clients, particularly on habeas petitions or bond proceedings, moves very quickly and is oftentimes very fact-intensive. This means that I often need to have intense and sensitive conversations with clients. It also means that I need to explain what is happening in their cases, which can be very confusing. It is best to have these conversations over a confidential line and when I can observe my client's facial expressions to see if they may need me to explain something differently or have questions. It is much more difficult to do this by phone and impossible to do in a non-confidential setting where they may refrain from sharing sensitive facts or asking for a clarification or explanation because they are concerned about who may overhear them.

I, Lee Ann Felder-Heim, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 7th day of November 2025.

*[signature]*