| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:     415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v. | Case No. 3:25-cv-09757-MMC<br><br>**DECLARATION OF NICOLE GORNEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:      January 9, 2026<br>Time:     9:00 a.m.<br>Dept.:     Ctrm 7 – 19th Floor<br>Judge:    Hon. Maxine M. Chesney<br><br>Date Filed: November 12, 2025 |

1  U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS,
2  Acting Director, U.S. Immigration and Customs Enforcement; SERGIO
3  ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and
4  Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT
5  OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of
6  Homeland Security,
7          Defendants.

**Declaration of Nicole Gorney**

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am an immigration attorney with Vidas Legal Services and I focus on removal defense and asylum cases. I am currently representing two detained immigration clients.

3. One of those clients is currently detained at California City Detention Facility. He was arrested in Maryland on October 15, 2025, transferred to a detention facility in Louisiana, and transferred again to California City Detention Facility on October 23 or October 24, 2025. His family contacted me when he was transferred to ask that I provide legal representation.

4. Since his transfer to California City Detention Facility, and as of November 6, 2025, he does not show up in the ICE Detainee Locator System. When I search his name, I yield 0 results. According to his family, his location did appear in the ICE Detainee Locator System when he was detained in Louisiana.

5. I believe that he is detained at the California City Detention Facility because he called his wife on October 24, 2025 and said that he was someplace called "California City." His wife gave him my phone number and he called me on October 25, 2025 and said the same.

6. He called me again on October 27, 2025 and I advised him to tell a deportation officer that he was not showing up in the system.

7. I received another call from him on October 29, 2025. During that call, he said that he had told a deportation officer that he was not appearing in the system and that the deportation officer told him that "maybe next week" he would be in the system.

8. The first thing I do every morning is look in the ICE Detainee Locator System for my client. It is terrifying to look up my client's name and not see his location. This is highly unusual in my experience. My clients at other detention facilities, including Mesa Verde, Golden State Annex, and Otay Mesa, always show up in the ICE Detainee Locator System within 24 hours of a transfer, and often show up sooner.

9. I have not had a confidential legal call with my client. Each of the three calls we have had has been placed from a common area phone line and has cost him money. There is very loud background noise every time we speak.

10. In the immigration system, a form G-28 is the form that an attorney files to indicate that the attorney is representing a client. I am unable to enter my G-28 form for this client because he does not show up in the ICE Detainee Locator System. I am therefore also unable to work with the facility to schedule a confidential legal call.

11. On October 24, 2025 and on October 27, 2025, I emailed the Bakersfield ERO office to ask why my client isn't in the system and explain that his absence from the system is preventing me from setting up a confidential legal call with my client. I have not received a response from either email.

12. There is nothing I can do in his case until I am able to talk with him in depth on a private line. My client has to make the decisions in his own case and I need to be able to discuss everything with him directly to provide full analysis for him of his options. For example, my client may be eligible to apply for bond, but the decision whether or not to do so is his. I cannot talk with him about this decision, which means that if he ultimately decides to seek bond, his bond motion will be significantly delayed by my inability to contact him. A bond motion would also need to attach a declaration by my client and other evidence that I cannot even begin to gather without talking with him. Thus, even if I were able to talk with my client and determine that he would like me to file a bond motion, I would be further delayed in actually filing the motion by these delays in obtaining evidence.

13. Because we have had such limited interaction, he barely knows who I am. I need to build a relationship with him to talk about things specific to his case, which can be very delicate. This is particularly important in the immigration system because I need to make sure that my client understands who I am and that I don't work for ICE or DHS but am a pro bono attorney representing him.

   I, Nicole Gorney, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at __Sonoma, CA__ this __7th__ day of November 2025.

_____