| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v. | Case No. 3:25-cv-09757-MMC<br><br>**DECLARATION OF STEPHANIE QUINTERO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br>Date:       January 9, 2026<br>Time:       9:00 a.m.<br>Dept.:      Ctrm 7 – 19th Floor<br>Judge:     Hon. Maxine M. Chesney<br><br>Date Filed: November 12, 2025 |

|   |   |
|---|---|
| 1 | U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, |
| 7 | Defendants. |

**Declaration of Stephanie Quintero**

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am an immigration defense attorney with the Office of the Public Defender in Contra Costa County.

3. I currently represent one client detained at the California City Detention Facility. My client was transferred from the Mesa Verde Detention Center on September 1, 2025. Since then, I have had inconsistent and unreliable contact with my client.

4. On September 25, 2025, I had a virtual attorney visit (VAV) scheduled with my client for 10:00am. The facility called my legal assistant at 10:15am to say that they were having trouble with the zoom link and asking for a new link. As a result, I lost 15 minutes of my call time with my client.

5. On October 3, 2025, I had a VAV with my client scheduled for 12:00pm. My client did not join the call and we again received a call from the facility that they were having issues with the zoom link and rescheduled the call to 2:00pm that day.

6. On October 13, 2025, I emailed CalCityAttorneySchedule@corecivic.com to request a VAV for the following week. I did not receive a response and sent a follow-up email on October 16, 2025. I received a response stating that: "While we understand the urgent need, due to limited slots and availability, we unfortunately do not have any availability until 10/27/25, unless we have any cancellations." I immediately responded to confirm a call at 1:00pm on October 27, 2025 and sent a zoom link.

7. On October 27, 2025, my client was not on the zoom link when our call was scheduled to begin at 1:00pm. At 1:05pm, I sent an email. I received a phone call from the facility stating that there had been an incident at the facility and so my call with my client needed to be rescheduled. On the phone, I explained that I urgently needed to speak with my client to prepare for his upcoming criminal court hearing. The facility rescheduled my appointment for October 29, 2025 at 9:00am.

8. On October 23, 2025, I sent an email to CalCityAttorneySchedule@corecivic.com and to BKIdetained@ice.dhs.gov to notify the facility of the upcoming criminal court date for my client. I never received a response to my email and was only able to confirm that they had received my notice during the call that I had with them on October 27, 2025.

9. On October 20, 2025, my office emailed CalCityAttorneySchedule@corecivic.com to schedule a VAV. We received a response on October 22, 2025 with openings for the week of November 3, 2025. On October 23, 2025, we responded requesting to schedule a visit on November 4, 2025 at 10:00am. I did not receive a response. On November 3, 2025, I reached out by email again to confirm my appointment on November 4, 2025. I received a response that there was no availability until November 11, 2025. I responded to schedule a call for November 13, 2025 at 11:00am and to ask for additional calls to be scheduled in November but have not received a response.

10. Besides the VAVs, I have only spoken with my client one other time since his transfer to the California City Detention Facility. He called me on October 6, 2025 and told me that he had not been able to make any phone calls before then because the phone PINs and passcodes had all been reset when he was transferred from Mesa Verde and so were not working. When he was transferred to the facility, his personal property had been confiscated and so he did not have anybody's phone numbers.

11. Consistent, reliable communication is particularly important in the context of detained immigration clients. It is vital to develop rapport and build trust with any client but it is especially important to do so in the detention context because clients tend to be more guarded when they are detained. It takes multiple conversations for them to feel comfortable discussing sensitive details. It may also take multiple conversations in quick succession to confirm details and follow up with specific questions.

12. It's concerning when I can't speak to my client by video because it's hard to gauge how he is doing without having a visual of his facial expressions and responses. I am especially worried for my client because of how he describes conditions at the California City Detention Facility.

I, Stephanie Quintero, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Martinez, CA this 10th day of November 2025.

*Stephanie Q.*