| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v. | Case No. 3:25-cv-09757-MMC<br><br>**DECLARATION OF MADHAVI NARAYANAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br>Date:     January 9, 2026<br>Time:     9:00 a.m.<br>Dept.:    Ctrm 7 – 19th Floor<br>Judge:    Hon. Maxine M. Chesney<br><br>Date Filed: November 12, 2025 |

1  U.S. IMMIGRATION AND CUSTOMS
   ENFORCEMENT; TODD M. LYONS,
2  Acting Director, U.S. Immigration and
   Customs Enforcement; SERGIO
3  ALBARRAN, Acting Director of San
   Francisco Field Office, Enforcement and
4  Removal Operations, U.S. Immigration and
   Customs Enforcement; U.S. DEPARTMENT
5  OF HOMELAND SECURITY; KRISTI
   NOEM, Secretary, U.S. Department of
6  Homeland Security,

7          Defendants.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Declaration of Madhavi Narayanan**

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am an immigration attorney and I work for Human Rights First. I currently have between 15-20 existing or prospective detained immigration clients. Six of those individuals have been or are currently detained at the California City Detention Facility.

3. On September 12, 2025, I called the facility to schedule a virtual attorney visit (VAV). I was told that I could not schedule a VAV over the phone and that I would need to send an email to calcityattorneyschedule@corecivic.com. I was told that I would not need an appointment if I arrived at the facility to meet with my client in person. On the same day, I sent an email requesting to schedule a VAV. I did not receive a response to my email.

4. On September 16, 2025, I sent a follow-up email. I did not receive a response to my email. I also tried to call the facility again but was not able to reach anyone by phone this time.

5. On September 18, 2025, I drove approximately 2.5 hours each way to visit one of my detained clients at the California City Detention Facility. I needed to urgently speak with my client with regards to a habeas petition we had filed on his behalf. I could not reach him any other way besides for driving to the facility to meet him in person.

6. I arrived at the facility around 8:30am on September 18, 2025 and met with my first client around 9:30am. Because I was there in person, I arranged to meet with three of my clients during my visit.

7. While I was waiting in the reception area, I was told by a guard that I would not be able to bring my cell phone with me. I asked how attorneys would be able to arrange for interpretation if they were not allowed to bring their cell phones with them and was told that there was a phone inside the attorney room that I would be able to use to call an interpreter.

8. When I was taken back to meet with my first client, I saw that there were 4 rooms labeled "attorney rooms." When I visit my other detained clients, I am usually placed in an open contact room. At the California City Detention Facility, I was brought to a divided room with a glass partition. My client was placed on one side of the partition and I was placed on the other side.

9. When I got to the room, I noticed that there was no phone on the wall and I did not see any ports that might have allowed for a phone to be installed. There were also no outlets in the room so there was no way to charge a laptop. A guard told me that they were going to supply laptops for attorneys to use, which I thought was strange and had never experienced in an immigration detention facility.

10. When my client was escorted back to the room to visit, I could see the guard was right outside the door and was visible through a window on his door the entire time that we were speaking. It made my client even more upset to be speaking with me when a guard was nearby. There was a bad echo in the room because of its size which, along with the glass partition, made it more difficult for my client and me to hear one another. I was concerned that the meeting was not truly confidential because of the echo and where the guard was stationed.

11. As I was leaving the facility, a guard told me that the facility would be switching to a different system soon in order to allow for VAV appointments to be made online. That still has not happened.

12. I typically communicate with my clients at California City Detention Facility by sending them a message on the tablet asking for them to give me a call. My current clients can read and write well enough and have sufficient competency with technology to allow for us to communicate in this way. However, our calls frequently get cut off when the count begins. Sometimes they are able to give me another call after the count concludes but that does not always happen. Either my client or I am charged for these calls.

13. It is not feasible for me to regularly drive 2.5 hours each way to the facility to have a confidential conversation with my clients. It is additionally complicated because I am currently breastfeeding and so need to plan my schedule in advance to allow time for pumping and to plan for safe milk storage.

      I, Madhavi Narayanan, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Los Angeles this 7th day of November 2025.

*[Signature: Madhavi Narayanan]*