| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415 391 5400<br>Facsimile: 415 397 7188 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621 |
| CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770 |
| | CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS | Case No. 3:25-cv-09757-MMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 9, 2026<br>Time: 9:00 a.m.<br>Dept.: Ctrm. 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney<br><br>Date Filed: November 12, 2025 |

| | |
|---|---|
| 1 | ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants. |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
Case No. 3:25-cv-09757-MMC

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65 and having reviewed Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' supporting Memorandum of Points and Authorities with attached declarations, Defendants' response thereto, Plaintiffs' reply, and the argument of counsel, the Court finds that Plaintiffs have demonstrated that they are likely to prevail on the merits of their claims; that they will suffer irreparable harm if the Court does not issue relief; that the balance of equities tips in their favor; and that the public interest lies in issuing a preliminary injunction.

Accordingly, the Court HEREBY ORDERS:

1) Plaintiffs' Motion for Preliminary Injunction is GRANTED.

2) Defendants are ordered to develop and submit to the Court and Plaintiffs, within 14 calendar days, a detailed plan to ensure adequate medical and mental healthcare at California City Detention Facility ("Medical Plan"), including but not limited to providing:

   a. adequate health care staffing to timely meet the needs of the population, ensuring a reasonable staff-to-detainee ratio for all medical and mental health disciplines as well as custody staff necessary for facilitating movement in the facility;

   b. comprehensive, documented medical and mental health intake screening, performed by a Registered Nurse (RN) or other qualified medical provider for all arriving individuals within 12 hours of arrival;

   c. thorough Initial Appraisals performed timely by a primary care provider;

   d. timely approval and access to medical specialists;

   e. timely and responsive emergency services;

  f. continuity of care for medical and mental health, including timely completion of active medical orders, such as orders for vital checks, wound care, provider appointments, and consistent and appropriate provision of medication at reasonable hours and without lapses in administration;

  g. a responsive "sick call" request system that ensures symptomatic patients receive timely responses to their requests;

  h. the provision of information to detained individuals regarding how to request and access medical and mental health treatment, including in orientation materials and posted bulletins; and

  i. an adequately stocked on-site pharmacy;

3) Defendants are further ordered to develop and submit to Plaintiffs and the Court, within 14 calendar days, a detailed plan to ensure reasonable disability accommodations at California City Detention Facility ("Disability Plan"), including but not limited to providing:

  a. a dedicated Disability Compliance Coordinator, separate from the Health Services Administrator, whose principal responsibility will be ensuring that disability needs are tracked and appropriately accommodated, and who will have sufficient command authority to carry out such duties;

  b. comprehensive, documented disability intake screening and expedited orders on disability evaluations and issuance of disability accommodations when disability needs are reported at intake, including prompt evaluation and issuance of interim accommodations as needed before then, if the individual does not arrive with the accommodation in their possession;

  c. a comprehensive, documented system for tracking disability needs, including effective communication aids, Durable Medical Equipment (DME), assistive devices and auxiliary aids, and accessible housing accommodations, and for ensuring that housing unit and medical staff, among others, are aware of those needs at all times;

  d. retention of disability-related property, including DME, assistive devices, and auxiliary aids, when detained people arrive at the facility with those accommodations in their property;

  e. a functioning disability request and grievance system, which ensures that the Disability Compliance Coordinator promptly reviews all submitted disability requests and grievances to identify any urgent needs;

  f. provision of reasonable disability accommodations, including but not limited to: DME, assistive devices, auxiliary aids, sign language interpretation, and other mobility, vision, hearing and communication disability accommodations, including accessible phones (videophones, captioned phones, vision-accessible keypads, etc.);

  g. equal access to programs, services, and activities at California City for detained people with disabilities;

  h. disability-specific orientation materials for all detained people that addresses items (a) through (g) above; and

  i. disability training for all staff.

4) The Court will provide Plaintiffs 14 calendar days following receipt of the Medical Plan and Disability Plan to meet and confer with Defendants, and if necessary, submit

feedback to the Court and Defendants regarding the adequacy of the Medical Plan and Disability Plan.

5) Defendants are ordered to provide access to a qualified, independent, third-party monitor ("External Monitor"), who will:

    a. be proposed by Plaintiffs and appointed by the Court;

    b. review the Medical Plan and Disability Plan;

    c. be permitted to visit and inspect California City Detention Facility, with reasonable access to facilities, records, staff and detained people;

    d. be permitted to consider the evidence and argument of the parties while formulating his or her opinions regarding the adequacy of the Medical Plan and the Disability Plan; and

    e. provide feedback to the Court regarding the adequacy of the Medical Plan and Disability Plan.

6) After considering the External Monitor's feedback, as well as any arguments presented by the parties, the Court shall order implementation of the Medical Plan and Disability Plan, with appropriate modifications, if any.

7) To ensure that Defendants are properly implementing the Medical Plan and Disability Plan, Defendants are ordered to allow the External Monitor to regularly visit California City Detention Facility on a schedule to be agreed upon by the parties and Court. Defendants are ordered to provide the External Monitor with reasonable access to facilities, records, staff, and detained people.

8) Defendants are ordered to pay the External Monitor's reasonable rate for the services set forth in paragraphs (5) through (7).

9) Defendants are ordered to ensure that detained individuals have timely and confidential access to attorneys, including but not limited to by allowing:

   a. temporally unrestricted in-person legal visitation seven days per week, eight hours per day on business days and four hours per day on weekends and holidays, in private and confidential settings, without limitations to the number of visits per day;

   b. contact attorney visits that do not take place through a pane of glass, absent documented security grounds to deny such contact;

   c. confidential, unmonitored, unrecorded, temporally unrestricted, and free legal calls with legal representatives (including non-attorney employees and agents of those representatives), with accommodations for interpretation;

   d. scheduling of confidential legal calls with legal representatives to take place within 6 business hours of a request; and

   e. provision of written information regarding protocols for attorney-client communication to all individuals detained at California City.

10) Defendants are further ordered to ensure that detained individuals have access to the following, with exceptions only where necessary for individualized, documented security concerns:

   a. Family contact visits that are not conducted behind glass, that are not restricted in number of visitors, and that occur without unreasonable delays;

   b. Increased freedom of movement, including by ceasing the policy or practice of body searches whenever a person leaves or returns to a housing unit and of requiring all class members to have an escort regardless of security level;

c. No more than two daily counts during waking hours or, in the alternative, daily counts that do not result in lockdowns for more than a total of two hours per day;

d. Reasonable, consistent, and adequate access to adequate outdoor recreation spaces, for at least 4 hours per day;

e. Opportunities for sensory stimulation and socio-emotional programming, including recreational activities; and

f. Provision of temperature-appropriate clothing and blankets free of charge;

11) Defendants are enjoined from isolating people in the Special Housing Unit, Special Management Unit, or administrative segregation, absent a documented security concern that threatens the safety and security of the facility or staff.

12) Plaintiffs' counsel, together with an expert and photographer (with photographic equipment), shall be permitted to inspect, survey, and photograph California City at least once every 30 days thereafter or until further order of the Court, until Defendants have come into compliance with all of the provisions of paragraphs (2) through (11) above. Defendants may not interfere with such inspections or impede access to portions of the facility used for detainee operations. Plaintiffs' counsel need not announce these inspections and must be permitted to enter the facility within an hour of arriving for such an inspection.

13) Plaintiffs' counsel may bring individual instances of non-compliance with Paragraphs (2) through (12) to the attention of counsel for Defendants and, as relevant, the External Monitor or the Court if the concern is urgent or raises a serious risk of injury or medical harm, or if the class member has already raised the issue with Defendants and Defendants have not appropriately responded after a reasonable amount of time.

Defendants are ordered to issue a substantive, written response to Plaintiffs' counsel within 14 days of receiving notice of any alleged non-compliance.

14) Defendants are enjoined from retaliating in any form against the named Plaintiffs, any declarant, or any class member in their immigration proceedings or in any other capacity for asserting their constitutional or statutory rights.

15) The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.

**IT IS SO ORDERED.**

Dated:

                Hon. Maxine M. Chesney
                United States District Judge

7
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
Case No. 3:25-cv-09757-MMC

Defendants are ordered to issue a substantive, written response to Plaintiffs' counsel within 14 days of receiving notice of any alleged non-compliance.

14) Defendants are enjoined from retaliating in any form against the named Plaintiffs, any declarant, or any class member in their immigration proceedings or in any other capacity for asserting their constitutional or statutory rights.

15) The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.

**IT IS SO ORDERED.**

Dated:

Hon. Maxine M. Chesney
United States District Judge