CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415-436-7200
Facsimile: 415-436-6748
savith.iyengar@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FERNANDO GOMEZ RUIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-09757-MMC <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION UNDER CIVIL LOCAL RULES 7-11 AND 79-5 TO FILE UNDER SEAL** |

Defendants have filed five documents on the public docket in this action **with redactions**: three briefs — (i) Defendants' Motion to Transfer Venue, ECF No. 37; (ii) Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 38; and (iii) Defendants' Opposition to Plaintiffs' Motion for Class Certification, ECF No. 39 — and two of the declarations that these briefs cite: (i) Declaration of Warden Christopher Chestnut, ECF No. 38-1; and (ii) Declaration of Susan Tiona, M.D., ECF No. 38-2. Defendants have filed without redactions the remaining three declarations that are cited in these briefs. *See* ECF No. 37-1 (Declaration of Acting Supervisory Detention and Deportation Officer David Landin); ECF No. 38-3 (Declaration of Dwan Morris); ECF No. 38-4 (Declaration of Maxwell Walker).

Defendants respectfully submit this administrative motion under Civil Local Rules 7-11 and 79-5 to file under seal the unredacted versions of these five documents, and to respectfully request that the

Court maintain the portions of these documents for which sealing is sought, which are highlighted pursuant to Civil Local Rule 79-5(e)(2).

Defendants recognize the strong common law presumption in favor of public access to court records, *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), and that a party seeking to seal a judicial record bears the burden of overcoming this presumption by meeting a "compelling reason" standard. *Id*.; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (party must articulate compelling reason supported by specific factual findings that outweigh public policies favoring access and disclosure).

Here, compelling reasons exist to seal the designated potions of the documents because those portions reflect either (i) protected health information, or (ii) confidential and sensitive law enforcement information.  The protected health information for which sealing is sought includes individually identifiable health information that a responsible entity is required to protect under the Health Insurance Portability and Accountability Act of 1996.  Such information is typically protected through sealed filings.  *See, e.g.*, *Domingo v. Brennan*, 690 Fed. Appx. 928, 930 (9th Cir. 2017) (unpublished) ("The district court did not abuse its discretion in granting defendant's motion to file documents under seal because the documents contained sensitive medical information.").

The confidential and sensitive law enforcement information for which sealing is sought is subject to the law enforcement privilege, which, as relevant here, protects "law enforcement techniques" — ensuring their ongoing and future effectiveness — "safeguards the privacy of those involved in a criminal investigation[,] and otherwise prevents interference with a criminal investigation." *Doe 1 v. McAleenan*, No. 18-CV-02349-BLF(VKD), 2019 WL 4235344, at *2 (N.D. Cal. Sept. 6, 2019) (explaining that while "the Ninth Circuit has not formally recognized a law enforcement privilege in the context of discovery in a civil action, . . . several other courts of appeal and several district courts within the Ninth Circuit have recognized such a privilege") (footnote and citation omitted).  The information for which sealing is sought is also law enforcement sensitive, in that its disclosure could jeopardize law enforcement operations, investigations, officer safety, or the effectiveness of law enforcement techniques and procedures.  *See Al Otro Lado, Inc. v. Wolf*, No. 3:17-CV-2366-BAS-KSC, 2020 WL 3487823, at *8 (S.D. Cal. June 26, 2020) (explaining that "confidential and sensitive law enforcement

information that could harm CBP's and other entities' operations if publicly disclosed" can be maintained under seal). Indeed, the Federal Rules of Civil Procedure specifically recognize the need for privacy protections in immigration cases due to the prevalence of sensitive information and the volume of filings. Fed. R. Civ. P. 5.2(c).

    Defendants have selected the least restrictive option by carefully applying redactions to protected health information and confidential and sensitive law enforcement information in the three briefs and two declarations, and filing those documents with redactions rather than filing their entirety under seal.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

Dated: January 2, 2026    By:    */s/ Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney