| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>LISA C. LU - # 364259<br>llu@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:   415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS | Case No. 3:25-cv-09757-MMC<br><br>**PLAINTIFFS' UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Dept.:   Ctrm 7 – 19th Floor<br>Judge:   Hon. Maxine M. Chesney<br><br>Date Filed:  November 12, 2025 |

| | |
|---|---|
| 1 | ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, |

Defendants.

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, the undersigned counsel for Plaintiffs hereby move to file under seal the unredacted versions of the following three documents: (1) Appendix B to the Reply Expert Declaration of Dr. Todd Wilcox; (2) the Declaration of Patient A in Support of Reply to Motion for Preliminary Injunction; and (3) the Declaration of Tess Borden in Support of Reply to Motion for Preliminary Injunction. Plaintiffs request that the Court maintain under seal the portions of these documents for which sealing is sought, which are highlighted pursuant to Civil Local Rule 79-5(e)(2).

Plaintiffs seek to seal only one piece of information in the accompanying documents: the full name of a single detained person who is referred to as "Patient A" in those documents. While Patient A has consented to the public disclosure of information contained in his medical records and is comfortable with the Court and Defendants' attorneys knowing his name, he requests that his name not be made public in association with his medical records or other protected health information, which includes HIV status. Plaintiffs file this motion due to the inherently sensitive nature of this individual's health information. Defendants have consented to the under-seal filing requested herein.

## II. LEGAL STANDARD

"There is a strong presumption in favor of public access to court records." *Wilson v. Ponce Gound Serv., LLC*, 2022 WL 16763699, at *2 (W.D. Wash. Nov. 8, 2022). A party seeking to seal documents must demonstrate "compelling reasons" that outweigh the presumption of public access to such records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th

Cir. 2006). Courts have recognized that "[t]he need to protect medical privacy qualifies in general as a 'compelling reason.'" *Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013); *see also Cal. Spine and Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) ("Courts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records."); *Aguilar v. Koehn*, 2018 WL 4839021, at *2 (D. Nev. Oct. 4, 2018) (collecting cases); *A.C. v. City of Santa Clara*, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (granting motion to seal medical records). The need to protect medical privacy remains compelling and justifies a sealing motion even where a plaintiff has put their health at issue in the lawsuit. *See Wilson*, 2022 WL 16763699, at *3; *see also Aguilar*, 2018 WL 4839021, at *2 (sealing medical records even when "plaintiff put[] certain aspects of his medical condition at issue when he file[d] an action alleging deliberate indifference to a serious medical need under the Eighth Amendment").

### III.     ARGUMENT

As explained in the accompanying declaration of Tess Borden, Appendix B to Dr. Wilcox's Reply Expert Declaration, the Declaration of Patient A, and the Declaration of Tess Borden in Support of Reply to Motion for Preliminary Injunction are properly sealable because they concern and reflect Patient A's protected health information and medical records, including HIV status. Decl. of Tess Borden ("Borden Decl.") ¶ 2. Such sensitive medical records are regularly protected under seal. *See Cal. Spine*, 2021 WL 1146216, at *3. There is no compelling reason for Patient A's name to be revealed in a public filing. Defendants have consented to Plaintiffs filing this limited information under seal. *See* Borden Decl. ¶ 3.

The request to seal is exceedingly narrow. Indeed, Plaintiffs have chosen the least restrictive means to seal by only requesting redaction of Patient A's name, rather than seeking to file the three documents entirely under seal.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court permit them to file the information identified in the accompanying proposed order under seal.

Dated: January 16, 2026

Respectfully submitted,

| | |
|---|---|
| *s/Steven P. Ragland* | *s/Margot Mendelson* |
| KEKER, VAN NEST & PETERS LLP | PRISON LAW OFFICE |
| STEVEN P. RAGLAND | MARGOT MENDELSON |
| CODY S. HARRIS | TESS BORDEN |
| CARLOS C. MARTINEZ | PATRICK BOOTH |
| | ALISON HARDY |
| CALIFORNIA COLLABORATIVE FOR | RANA ANABTAWI |
| IMMIGRANT JUSTICE | |
| PRIYA ARVIND PATEL | AMERICAN CIVIL LIBERTIES UNION |
| MARIEL VILLARREAL | FOUNDATION |
| | KYLE VIRGIEN |
| | FELIPE HERNANDEZ |
| | MARISOL DOMINGUEZ-RUIZ |
| | CARMEN IGUINA GONZALEZ |
| | |
| | *Attorneys for Plaintiffs* |