| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>LISA C. LU - # 364259<br>llu@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:      415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>       v.<br><br>U.S. IMMIGRATION AND CUSTOMS | Case No. 3:25-cv-09757-MMC<br><br>**DECLARATION OF SARALYN OLSON-WAGNER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:      Hon. Maxine M. Chesney<br><br>Date Filed: November 12, 2025 |

| | |
|---|---|
| 1 | ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Defendants. |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**Declaration of Saralyn Olson-Wagner**

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I currently work for the Coalition for Humane Immigrant Rights (CHIRLA) as an immigration attorney. I have been an immigration attorney since 2023 and I have been representing clients in removal defense since September 2025.

3. I currently represent one client who is being held at the California City Detention Facility.

4. I have successfully scheduled and completed a virtual attorney visit (VAV) with my client three times, once on October 28, 2025, once on November 19, 2025, and once on December 18, 2025, since he was transferred to California City Detention Facility in October 2025. Each of these were phone calls with no video component.

5. I first reached out to calcityattorneyschedule@corecivic.com to schedule a VAV with my client on October 20, 2025. In that email I proposed the following times for a VAV: "10/21/2025- any time between 8:30 AM and 3 pm; 10/22/25, any time between 12 PM and 5PM; 10/23/2025, any between 11 AM and 5 PM; 10/24/25, any time between 12 PM and 5 PM. If none of these work, I am willing to do a phone call instead." I received a response from the facility on October 20, 2025, which stated: "While we understand the urgent need, due to limited slots and availability, we unfortunately do not have any availability until 10/28/25, unless we have any cancellations." I proceeded to schedule an appointment for October 28, 2025.

6. For my November 19, 2025 VAV with my client, I began reaching out to the facility to request an appointment on November 7, 2025. In my November 7, 2025 email, I asked: "Can you please tell me what is the soonest available meeting next week Monday through Friday?" I received a response the same day that stated: "Availability starts 11/18." I proceeded to ask for available times on November 19th and was able to schedule an appointment for November 19th.

7. I have been trying to schedule another VAV with my client since December 2025. I urgently need to speak with my client to gather information about his physical health in order to

1

DECLARATION OF SARALYN OLSON-WAGNER
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
Case No. 3:25-cv-09757-MMC

advocate on his behalf concerning his medical care. My client has a history of throat cancer and of strokes and has reason to believe that his cancer may have returned and that he has suffered another stroke while detained at California City.

8. On December 5, 2025, I emailed calcityattorneyschedule@corecivic.com requesting an urgent call with my client. In my email, I wrote: "I urgently need a phone call with him. I am wondering if there's any way I can speak to him today/this evening or tomorrow or Sunday afternoon between maybe 1 and 3? If nothing is possible that soon, then please let me know what the earliest available is." I never received a response to that email.

9. I then attempted to visit my client in person on December 11, 2025. I had previously asked by email, on October 28, 2025, if the California City Detention Facility allowed walk-ins. On October 28, 2025, I received this response to my question "Yes, but different department handles walk ins. You can call the main line and the ext. is 18126." I also checked the California City Detention Facility's website, and it indicates that attorney visits are permitted from 8:00am to 8:00pm daily and does not mention a notice requirement. Further, my experience in other immigration detention facilities is that walk-ins without prior notice are routinely permitted provided attorneys are willing to wait after arriving at the facility. Based on all this information, I arrived at California City Detention Facility around 9:00 am and asked to meet with my client. I was told that I would not be able to meet with my client because I had not previously notified the facility of my visit and the day was fully booked. I asked if I could wait at the facility in case there was a cancellation or a meeting ended early, as is my regular practice when visiting clients in other detention facilities. I was told that I would not be permitted to wait. I left the facility around 9:15am without meeting my client.

10. On December 12, 2025, I emailed calcityattorneyschedule@corecivic.com again to request an urgent call with my client. In that email, I included my availability for a call on December 15, 16, 17, and 18. I did not receive a response to my email. I called the facility on December 15, 2025, and informed the person I reached that I had emailed to schedule a phone call but had not received a response. They scheduled a phone call for me with my client on December 18, 2025.

11. On December 18, 2025, I emailed calcityattorneyschedule@corecivic.com to request a call for December 29. I never received a response to that email.

12. In addition to my emails, I have attempted to contact the facility by phone on December 4, 2025, December 5, 2025, December 8, 2025, December 11, 2025, December 15, 2025, December 17, 2025, and January 5, 2026. On December 15, 2025, I managed to reach a person at the front desk, who transferred me to the scheduling person, and I was able to schedule a confidential legal call for December 18, 2025. The phone rang and disconnected each other time I tried to contact the facility by phone.

13. As of January 7, 2026, I still had not received any responses to my emails to the facility, and I sent another follow-up email. I included in my January 7, 2026 email my availability for a call on January 9, 13, 14, and 15. I also noted that: "I urgently need to speak to him. I have been trying to call as well but the phone call is always cancelled after it rings for a while. Please respond to this email." I finally received a reply that day scheduling a call for January 13, 2026.

14. Since December 18, 2025, I have only spoken with my client once when he was able to call me from his dorm. This is not a reliable or sufficient method to access my client because the calls are not confidential since he is speaking in a crowded area where others can hear what he is saying and because I cannot plan in advance to be available for his calls when he is able to get to the phone.

15. On December 11, 2025, I planned to assess my client's physical condition and discuss legal options he may have to address poor medical care in detention. I was not able to communicate with him directly about that application because my in-person visit was denied. I have also been unable to confidentially discuss my client's bond application with him because I have not been provided with a confidential legal call since mid-December. Because of these limitations on my ability to contact my client, I have had to rely on his daughter, who he tries to call regularly, to convey updates on his health and wellbeing.

I, Saralyn Olson-Wagner, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California, this 13th day of January, 2026.

_/s/ Saralyn Olson-Wagner_                                                                              01/13/2026

Saralyn Olson-Wagner                                                                                              Date