CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415-436-7200
Facsimile: 415-436-6748
savith.iyengar@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FERNANDO GOMEZ RUIZ, *et al.*,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>　　　Defendants. | Case No. 3:25-cv-09757-MMC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION UNDER CIVIL LOCAL RULES 6-3 AND 7-11 TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES** |

Defendants United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director, ICE; Sergio Albarran, San Francisco Field Office Director, ICE; United States Department of Homeland Security; and Kristi Noem, United States Secretary of Homeland Security respectfully request that the Court continue the parties' initial case management conference ("CMC") and related deadlines set forth in Court's order setting the initial CMC and ADR deadlines, ECF No. 10, by **three weeks**, including continuing the initial CMC from February 13, 2026 until **March 6, 2026**.

The requested continuance would promote the interests of judicial economy and conserve the Court's and the parties' resources, as it would allow the parties to hold their Rule 26(f) conference and prepare a joint CMC statement with the benefit of the Court's rulings on the parties' pending motions, including Defendants' motion to transfer this action to the Eastern District of California, which are being heard on February 6, 2026. *See* ECF No. 44. In accordance with Civil Local Rule 6-3(a), this motion is

supported by the Declaration of Savith Iyengar ("Iyengar Decl."), which establishes good cause for the requested stay. Defendants have conferred with Plaintiffs and Plaintiffs oppose this request. *See* Iyengar Decl. ¶ 2, Ex. 1.

**I.      Good Cause Exists to Continue the Initial CMC and Related Case Scheduling Deadlines**

Defendants have moved this Court for an order transferring this action to the Eastern District of California and holding in abeyance all pending motions to be ruled on by the transferee court, ECF No. 37, and all three pending motions — Defendants' motion to transfer and Plaintiffs' motions for preliminary injunction and class certification — are now scheduled for hearings on February 6, 2026, ECF No. 44. Defendants respectfully submit that it is not practicable to hold a Rule 26(f) conference or submit a CMC statement under the current schedule. Among other requirements, Rule 26(f) requires that the parties consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan, including the subjects on which discovery may be needed — all of which are potentially affected by any rulings that the Court may issue following the hearings on February 6, 2026.

Second, maintaining the Court's original initial CMC date of February 13, 2026 — set before the Court granted the parties' stipulations to continue the hearings to February 6, 2026, ECF Nos. 10, 33, 36 — would create significant conflicts for Defendants, including (i) requiring a Rule 26(f) conference by January 23, 2026, at the same time that Defendants are preparing their reply brief in support of their motion to transfer, due by 3:00 p.m. on January 26, 2026; and (ii) requiring the parties to exchange initial disclosures, submit a discovery plan, and file a joint CMC statement all by February 6, 2026, the same date as their hearings on Defendants' motion to transfer and Plaintiffs' motions for preliminary injunction and class certification.

On January 20, 2026, at 4:22 p.m., Defendants' counsel asked Plaintiffs' counsel by email whether Plaintiffs would be willing to continue the CMC by one week in light of these conflicts. *See* Iyengar Decl. ¶ 2, Ex. 1. On January 21, 2026 at 1:14 p.m., Plaintiffs' counsel declined, stating that any continuance would "further delay this case and further delay urgent relief for our clients and the putative

class." *Id.* Thus, a stipulation could not be obtained.[1]

Defendants respectfully note that Plaintiffs have already moved for a preliminary injunction seeking "urgent" relief on a briefing schedule agreed to by the parties and set for hearing before this Court on February 6, 2026. *See, e.g.*, ECF No. 22 at 2. Defendants also note that, given the pending motions — including Plaintiffs' motion for a preliminary injunction and Defendants' motion to transfer this case to the Eastern District — each of which needs time to be decided, the short three-week continuance of the initial CMC and related deadlines that Defendants request would not substantially harm or prejudice Plaintiffs. Indeed, the possibility of having to redevelop, revise, or develop anew a discovery plan in light of the Court's rulings on the pending motions will only serve to unnecessarily engage the parties' limited resources and further delay this case.

Further, given the government's limited resources, requiring the undersigned counsel for Defendants to conduct a Rule 26(f) conference while also preparing Defendants' reply brief in support of their motion to transfer, and to also coordinate initial disclosures, develop a discovery plan, and negotiate a joint CMC statement for filing on the same date as the hearings on Defendants' motion to transfer and Plaintiffs' motions for preliminary injunction and class certification, would be prejudicial to and substantially harm Defendants' interest in this litigation. So too would requiring Defendants' counsel to manage initial disclosures, develop a discovery plan, and negotiate a joint CMC statement before the parties have received guidance from the Court on pending and potentially dispositive motions, i.e., Defendants' motion to transfer this action to the Eastern District.

The parties have previously continued Defendants' deadline to oppose Plaintiffs' motions for preliminary injunction and class certification, Plaintiffs' deadline to file their reply briefs in support of these motions, the parties' hearings on these motions, and Defendants' deadline for their reply brief in support of their motion to transfer. *See* ECF No. 44 ¶¶ 2–6. While the parties have continued the date of their hearings until February 6, 2026, the Court has not continued the date of the parties' initial CMC that was previously set for February 13, 2026. *See* ECF Nos. 10, 33. Defendants thus respectfully request that the Court continue the initial CMC and related deadlines by three weeks.

---

[1] Defendants have proposed that, should the Court deny this administrative motion, the parties hold their Rule 26(f) conference within 3 days of the Court's order. *See* Iyengar Decl. ¶ 2, Ex. 1.

Finally, Defendants do not submit this motion for purposes of delay; far from any delay, continuing the initial CMC and related case management dates conserves the limited resources of the Court and the parties, allows the parties to understand what issues they will be litigating and where, and reduces the likelihood of expending time and effort on issues that may be narrowed.  For the foregoing reasons, the United States respectfully requests that the Court grant this administrative motion and continue the initial CMC and related deadlines as follows:

| Case Management Event | Deadline |
|---|---|
| Deadline to file ADR Certification | ~~1/23/2026~~ **2/13/2026** |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | ~~1/23/2026~~ **2/13/2026** |
| Deadline to make initial disclosures | ~~2/6/2026~~ **2/27/2026** |
| Deadline to file Joint Case Management Statement | ~~2/6/2026~~ **2/27/2026** |
| Initial Case Management Conference (to be held by Zoom webinar) | ~~2/13/2026~~ **3/6/2026,** at 10:30 a.m. |

Other than as noted above, this modification would have no effect on the schedule for this case, which has not otherwise been established and may depend on the Court's determination of the parties' pending motions, including Defendants' motion to transfer this action to the Eastern District.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

Dated: January 21, 2026        By:    */s/ Savith Iyengar*
                                      SAVITH IYENGAR
                                      Assistant United States Attorney