KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022, *pro hac vice*
tess@prisonlaw.com
PATRICK BOOTH - # 328783
patrick@prisonlaw.com
ALISON HARDY - # 135966
ahardy@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS | Case No. 3:25-cv-09757-MMC<br><br>**NOTICE OF NONCOMPLIANCE WITH COURT ORDER**<br><br>Judge:      Hon. Maxine M. Chesney<br><br>Date Filed:  November 12, 2025 |

ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security,

Defendants.

Plaintiffs file this Notice to bring an urgent matter to the Court's attention in advance of tomorrow's scheduled hearing. On December 22, 2025, the Court entered a stipulated order requiring Defendants to provide certain medical care to Named Plaintiff Fernando Viera Reyes, including a biopsy for what is likely prostate cancer that is rapidly metastasizing. *See* ECF No. 36. Defendants have violated the Court's order: Plaintiffs' counsel learned from Defendants' counsel this morning that Defendants have failed to obtain Mr. Viera Reyes's biopsy results and failed to transport him to a scheduled follow-up urology appointment on February 2, 2026 "due to an internal scheduling error." The result is that Mr. Viera Reyes remains in a dangerous and dire situation. Indeed, his condition has deteriorated markedly. He has lost significant weight, is in extreme pain, and cannot receive the most basic care needed for his catheter. Defendants are unwilling or unable to follow this Court's orders, and a man's life is at stake. Plaintiffs intend to discuss this issue at tomorrow's hearing and will file a motion to enforce the Court's order if Defendants fail to expeditiously remedy the situation with respect to Mr. Viera Reyes's medical care.

The relevant facts are as follows. Fernando Viera Reyes was transferred from Golden State Annex Detention Facility to California City in August 2025. His medical records indicated that he urgently needed a prostate biopsy, which had been recommended by a urologist in March 2025, to formally diagnose his likely prostate cancer. Over the next several months, Mr. Viera Reyes neither received a biopsy nor saw a urologist for his worsening symptoms and alarming blood work. In late November 2025, during an emergency room visit, a scan of his spine raised concerns, according to the ER physician, of "possible new onset malignancy," meaning that if it was cancer, it may have already spread to the bone. *See generally* ECF No. 27-2 (Supplemental Declaration of Dr. Todd Wilcox).

Defendants took no action to diagnose and treat Mr. Viera Reyes's likely prostate cancer until Plaintiffs filed a Motion for Temporary Restraining Order on December 16, 2025. *See* ECF No. 27. Rather than oppose that motion, Defendants stipulated to ensuring that Mr. Viera Reyes would receive appropriate medical treatment. On December 22, 2025, this Court entered the stipulated order which provides in relevant part:

> Defendants will ensure that Fernando Viera Reyes receives a comprehensive assessment by a urologist on the agreed-upon date (barring scheduling issues outside of Defendants' control) in order for the urologist to perform a biopsy, if the urologist determines it to be necessary, and to develop a comprehensive treatment plan . . .
>
> Defendants will ensure timely compliance with all follow-up orders for treatment and medication directed by the urologist, including, if indicated, timely access to an appropriate oncologist and timely compliance with any follow-up orders directed by the oncologist.

ECF No. 36 ¶¶ 4(c)–(d). That same day, Plaintiffs warned Defendants that the biopsy would not take place as scheduled unless Mr. Viera Reyes received antibiotics in advance of the appointment. ECF No. 51 at Ex. 2. The appointment was scheduled for December 30, 2025.

Mr. Viera Reyes's biopsy did not take place on December 30, 2025. On December 31, 2025, Plaintiffs' counsel emailed Defendants' counsel and told him that if the biopsy did not occur by January 7, 2026, Plaintiffs would seek Court intervention. Defendants rescheduled the biopsy for January 7, 2026. *Id.* at Ex. 3.

The biopsy finally took place on January 7, 2026. The discharge paperwork from that urology appointment states that Mr. Viera Reyes had a scheduled follow-up appointment for February 2, 2026 at 11:30 a.m. with the same urologist. *See* Decl. of Cody S. Harris ¶ 2, Ex. A.

Plaintiffs' counsel believe that biopsy results of this nature usually take no more than a week or two to be returned. Yet nearly a month after the biopsy, Mr. Viera Reyes has not received the results.

Mr. Viera Reyes's scheduled February 2, 2026 follow-up appointment with the urologist also did not occur because Defendants failed to transport him to Kern Medical Center for the appointment. *Id.* ¶ 2, Ex. A. On February 3, 2026, Plaintiffs emailed Defendants and asked for the results of Mr. Viera Reyes's biopsy, why Mr. Viera Reyes did not go to his scheduled urology appointment on February 2, 2026, and when Mr. Viera Reyes would see the urologist for follow-up care. *Id.* ¶ 5, Ex. A. Plaintiffs' counsel also noted that Mr. Viera Reyes's health has drastically deteriorated over the last month. *Id.* ¶ 3, Ex. A. His medical records indicate he has lost 11 pounds since mid-December, and 25 pounds total since he arrived at California City. *Id.* He is also reporting excruciating pain in his bladder and prostate, that his catheter site is

causing significant pain, and that his urine color is concerning, among other things. *Id.*

On February 5, Defendants' counsel responded in relevant part:

> Mr. Viera Reyes was scheduled for a follow-up appointment with his urologist at Kern Medical Center on February 2, 2026, but this visit did not occur due to an internal scheduling error. The appointment was rescheduled for [future date], and efforts are underway to secure an earlier date if possible. The medical records department has also requested a copy of Mr. Viera Reyes's biopsy results.

*Id.* ¶ 7, Ex. A. The future date, which Defendants' counsel provided on an attorneys-eyes-only basis, is more than a month after the appointment Defendants neglected to honor on February 2, 2026. *Id.* Plaintiffs' counsel immediately asked Defendants to describe the "internal scheduling error" and to state when California City medical staff had requested Mr. Viera Reyes's biopsy results. *Id.* ¶ 8, Ex. A. Defendants confirmed receipt of these inquiries but have not responded as of the time of this filing. *Id.* ¶ 9, Ex. A.

Defendants' conduct, on its face, violates the Court's order that they "ensure that Fernando Viera Reyes receives a comprehensive assessment by a urologist to develop a comprehensive treatment plan" and "ensure timely compliance with all follow-up orders for treatment and medication directed by the urologist." ECF No. 36 ¶ 4. Plaintiffs' counsel will continue to communicate with Defendants' counsel in the hope that Defendants will transport Mr. Viera Reyes to a follow-up urology appointment in the coming days, receive the biopsy results, and finally begin treating Mr. Viera Reyes's condition. As Plaintiffs' expert, Dr. Wilcox, wrote on December 16, "[f]urther delay is medically reckless and places Mr. Viera Reyes at substantial risk of needless suffering or death." ECF No. 27-2 ¶ 42. That remains true.

Because Mr. Viera Reyes's situation is further evidence of Defendants' failure to provide constitutionally adequate care, Plaintiffs respectfully provide this Notice ahead of tomorrow's hearing.

////

////

////

////

Dated: February 5, 2026

Respectfully submitted,

| /s/ *Cody S. Harris* | /s/ *Margot Mendelson* |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND<br>CODY S. HARRIS<br>CARLOS C. MARTINEZ<br>LISA C. LU<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL<br>MARIEL VILLARREAL | PRISON LAW OFFICE<br>MARGOT MENDELSON<br>TESS BORDEN<br>PATRICK BOOTH<br>ALISON HARDY<br>RANA ANABTAWI<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN<br>FELIPE HERNANDEZ<br>MARISOL DOMINGUEZ-RUIZ<br>CARMEN IGUINA GONZALEZ<br><br>*Attorneys for Plaintiffs* |