# Exhibit 1

| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>LISA C. LU - # 364259<br>llu@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:   415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>          v. | Case No. 3:25-cv-09757-MMC<br><br>**[PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND CLASS CERTIFICATION**<br><br>Judge:       Hon. Maxine M. Chesney<br><br>Date Filed:  November 12, 2025 |

1  U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS,
2  Acting Director, U.S. Immigration and Customs Enforcement; SERGIO
3  ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and
4  Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT
5  OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of
6  Homeland Security,
7                    Defendants.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER GRANTING IN PART MOTIONS FOR PRELIMINARY INJUNCTION AND CLASS CERTIFICATION**

Pursuant to Federal Rules of Civil Procedure 65 and 23, and having reviewed the Parties' filings and the argument of counsel, the Court finds that Plaintiffs have demonstrated that they are likely to prevail on the merits of their claims; that they will suffer irreparable harm if the Court does not issue relief; that the balance of equities tips in their favor; that the public interest lies in issuing a preliminary injunction; and that all the requirements of Rule 23(a) and 23(b)(2) have been satisfied.

Accordingly, Plaintiffs' Motion for Preliminary Injunction is **GRANTED IN PART**, as follows:

1) Defendants are ordered to ensure the following:
   a. adequate health care staffing;
   b. comprehensive, documented medical intake screening, performed by a qualified medical provider within 12 hours of a person's arrival;
   c. thorough Initial Appraisals performed timely by a primary care provider;
   d. timely approval and access to medical specialists;
   e. timely and responsive emergency services;
   f. continuity of medical care upon intake and thereafter, including timely completion of active medical orders, access to scheduled provider appointments, and consistent provision of medication;
   g. timely access to prescribed medications; and
   h. a responsive "sick call" request system.

2) To ensure compliance with Paragraph (1) and the provision of constitutionally adequate health care, Defendants are ordered to provide access to a qualified, independent, third-party monitor ("External Monitor") for a period of 120 days, subject to renewal by court order. The External Monitor will ensure compliance with this Order and will monitor its implementation, including through review of medical records and on-site inspection and interviews with patients and staff. The

1

[PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND CLASS CERTIFICATION
Case No. 3:25-cv-09757-MMC

4111227

parties will meet and confer regarding the selection of the External Monitor and will present their proposal(s) to the Court within 14 days of this Order. If the Parties are unable to agree upon the selection, the Court will resolve the dispute and appoint the External Monitor. Defendants are ordered to pay the External Monitor's reasonable rate.

3) Defendants are ordered to ensure that detained individuals have timely and confidential access to attorneys, including but not limited to by allowing:

   a. in-person legal visitation seven days per week from 8:00 a.m. to 8:00 p.m., in private and confidential settings, with each legal visit lasting up to three (3) hours in length;

   b. contact attorney visits that do not take place through a pane of glass, absent documented security grounds to deny such contact;

   c. scheduling of confidential legal calls with legal representatives of up to 90 minutes each, to take place within two (2) business days of a request; and

   d. provision of written information regarding protocols for attorney-client communication to all individuals detained at California City.

4) Defendants are further ordered to ensure that detained individuals are provided with the following, with exceptions only where necessary for individualized, documented security concerns:

   a. Temperature-appropriate clothing and blankets free of charge;

   b. Reasonable, consistent, and adequate access to adequate outdoor recreation spaces, for at least 1 hour per day, 7 days per week.

5) The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.

Plaintiffs' Motion for Class Certification (ECF No. 21) is **PROVISIONALLY GRANTED** as to the Class, and the Provisional Class is defined as: All persons who are now, or in the future will be, in the legal custody of U.S. Immigration and Customs Enforcement ("ICE") and detained at California City Detention Facility ("California City"). The Provisional Class is certified as to the practices and relief identified in this Order. It is further **ORDERED** that

Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, and Alejandro Mendiola Escutia are hereby appointed to be the named representatives of the Provisional Class. It is further **ORDERED** that Plaintiffs' counsel, from the Prison Law Office, Keker, Van Nest & Peters LLP, the American Civil Liberties Union, and the California Collaborative for Immigrant Justice are hereby appointed as counsel for the Provisional Class.

~~All relief sought by Plaintiffs but not addressed in this Order is held in abeyance pending further Court order.~~

The March 6, 2026 Case Management Conference is vacated and taken off calendar. The parties<ins>'</ins> ~~shall proceed with their~~ <ins>February 13, 2026 deadline to conduct a</ins> Rule 26(f) conference <ins>is vacated</ins>~~and file the ADR Certification by February 13, 2026~~. The February 27, 2026 deadline to exchange initial disclosures and file a joint case management statement is vacated.

**IT IS SO ORDERED.**

Dated:

_____
Hon. Maxine M. Chesney
United States District Judge

3
[PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION
AND CLASS CERTIFICATION
Case No. 3:25-cv-09757-MMC

4111227