CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415-436-7200
Facsimile: 415-436-6748
savith.iyengar@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FERNANDO GOMEZ RUIZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-09757-MMC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION UNDER CIVIL LOCAL RULES 6-3 AND 7-11 TO CONTINUE RESPONSIVE PLEADING DEADLINE** |

Defendants respectfully request that the Court continue their deadline to answer or otherwise respond to Plaintiffs' first amended complaint from February 20, 2026, until two weeks from the date that this action is transferred to the Eastern District of California.

The Court has ordered that Defendants' motion to transfer venue will "be [g]ranted after" the Court issues an order granting in part Plaintiffs' motion for preliminary injunction and an order appointing a monitor. ECF No. 71. The parties' deadline to present their proposed monitor(s) to the Court is February 24, 2026, ECF No. 72, so transfer will occur after that date.

The requested continuance would promote the interests of judicial economy, conserve the Court's and the parties' resources, and prevent prejudice and substantial harm to Defendants' interests in this litigation, as it would allow counsel following transfer to the Eastern District to be assigned, evaluate Plaintiffs' complaint, consider this Court's order regarding preliminary injunctive relief, and

determine the appropriate responsive pleading.

In accordance with Civil Local Rule 6-3(a), this motion is supported by the Declaration of Savith Iyengar ("Iyengar Decl."), which establishes good cause for the requested stay. Defendants have conferred with Plaintiffs and Plaintiffs take no position as to this request. *See* Iyengar Decl. ¶ 2.

**I. Good Cause Exists to Continue the Responsive Pleading Deadline Until Two Weeks After This Case Is Transferred to EDCA**

The Court has ordered that Defendants' motion to transfer venue will "be [g]ranted after" this Court files its order regarding preliminary injunctive relief and appoints a monitor. ECF No. 71. The Court issued its order granting in part Plaintiffs' motion for preliminary injunction on February 10, 2026. ECF No. 72. The parties' deadline to present their proposed monitor(s) to the Court is February 24, 2026, *id.*, therefore transfer will occur after that date.

Defendants respectfully submit that it is not practicable to require them to submit a responsive pleading on or before February 20, 2026, as currently scheduled, ECF No. 59, before this action is transferred to the Eastern District. Following transfer, new counsel will be responsible for litigating this action on behalf of Defendants and will need an opportunity to evaluate the complaint, consider this Court's order regarding preliminary injunctive relief, determine appropriate defenses, and prepare the appropriate responsive pleading. The nature of Defendants' responsive pleading also implicates the timing of any other claims or motions that may be asserted, including, for example, any third-party practice that may be warranted. *See, e.g.*, Fed. R. Civ. P. 14(a)(1).

Accordingly, requiring Defendants to file a responsive pleading on February 20, 2026 — before this case is transferred — would be prejudicial to Defendants. It would deprive Defendants' new counsel of the opportunity to consider the Court's rulings to date, prepare Defendants' responsive pleading, and assess potential defenses and claims, and would substantially harm Defendants' interest in this litigation by preventing counsel responsible for representing Defendants through trial from making substantive, long-term decisions affecting Defendants' defense. Continuing Defendants' responsive pleading deadline also would not harm Plaintiffs' interests, and indeed Plaintiffs have already received some preliminary injunctive relief from this Court. *See* ECF No. 72.

Further, Defendants do not submit this motion for purposes of delay; instead, continuing the

responsive pleading deadline will conserve Defendants' limited resources and permit Defendants' new counsel to evaluate this action and settle the pleadings, as appropriate, before proceeding with handling the remainder of this litigation.

The Court previously granted Defendants' unopposed administrative motion for leave to file their responsive pleading on or before February 20, 2026. ECF No. 59. In light of the Court's subsequent guidance during the parties' hearings on February 6, 2026 — including regarding Defendants' motion to transfer, *see* ECF No. 71 — Defendants respectfully request that the Court continue their responsive pleading deadline from February 20, 2026 until two weeks from the date that this action is transferred to the Eastern District of California.

Other than as noted above, this modification would have no effect on the schedule for this case, which has not been — and will not be — established given this case's impending transfer to the Eastern District. *See* ECF Nos. 71 & 72 at 3.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

Dated: February 13, 2026 By: */s/ Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney