| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>STEVEN P. RAGLAND - # 221076<br>sragland@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>CARLOS C. MARTINEZ - # 354616<br>cmartinez@keker.com<br>LISA C. LU - # 364259<br>llu@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188<br><br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>PRIYA ARVIND PATEL - # 295602<br>priya@ccijustice.org<br>MARIEL VILLARREAL - # 317048<br>mariel@ccijustice.org<br>1999 Harrison Street #1800<br>Oakland, California 94612<br>Tel: (650) 762-8990 | PRISON LAW OFFICE<br>MARGOT MENDELSON - # 268583<br>mmendelson@prisonlaw.com<br>TESS BORDEN - MJP # 805022, *pro hac vice*<br>tess@prisonlaw.com<br>PATRICK BOOTH - # 328783<br>patrick@prisonlaw.com<br>ALISON HARDY - # 135966<br>ahardy@prisonlaw.com<br>RANA ANABTAWI - # 267073<br>rana@prisonlaw.com<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Tel.: (510) 280-2621<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>KYLE VIRGIEN - # 278747<br>kvirgien@aclu.org<br>FELIPE HERNANDEZ - # 338468<br>npp_fhernandez@aclu.org<br>MARISOL DOMINGUEZ-RUIZ - # 345416<br>mdominguez-ruiz@aclu.org<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 343-0770<br><br>CARMEN IGUINA GONZALEZ - # 277369<br>ciguinagonzalez@aclu.org<br>915 15th Street, NW, 7th Floor<br>Washington, DC 20005<br>Tel.: (202) 393-4930 |

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS | Case No. 3:25-cv-09757-MMC<br><br>**SECOND NOTICE OF NONCOMPLIANCE WITH COURT'S DECEMBER 22, 2025 ORDER RESOLVING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Judge:     Hon. Maxine M. Chesney<br><br>Date Filed: November 12, 2025 |

ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security,

                        Defendants.

1      Plaintiffs file this Notice to bring to the Court's attention the urgent issue of Defendants' continuing violation of the Court's December 22, 2025 Order Resolving Plaintiffs' Motion for Temporary Restraining Order ("December 22 Order") with respect to Named Plaintiff Fernando Viera Reyes. Dkt. No. 36. As the Court will recall, Mr. Viera Reyes had reason to believe that he was suffering from prostate cancer and had been trying since his arrival at California City Detention Center in August 2025 to get a diagnosis and begin receiving treatment, with no success. Plaintiffs raised his plight in their Complaint, Motion for Preliminary Injunction, and Motion for Temporary Restraining Order. Dkt. Nos. 1, 22, 27. The Court issued relief for Mr. Viera Reyes in its December 22 Order, directing Defendants to ensure that Mr. Viera Reyes see a urologist and receive his long-awaited biopsy, and thereafter "ensure timely compliance with all follow-up orders" for care and treatment, including by an oncologist if needed, and all indicated medications. Dkt. No. 36 ¶ 4(c)-(d).

Mr. Viera Reyes finally had a biopsy on January 7, 2026. That biopsy revealed a very serious form of prostate cancer. Now, seven weeks after that January 7 biopsy and *more than two months* after the Court ordered that "Defendants will ensure timely compliance with all follow-up orders for treatment and medication," **Mr. Viera Reyes has received no treatment whatsoever for his prostate cancer**. He has not received any radiology work necessary to determine the extent of the cancer, has not seen an oncologist and has no idea if or when he will. His condition has only worsened—he is weak, in severe pain, cannot urinate without a catheter, and has difficulty and pain trying to pass a bowel movement. The ***only*** medication he has been provided to address his debilitating pain is Tylenol.

Plaintiffs have raised this with Defendants on multiple occasions—and are still trying to get Mr. Viera Reyes the specific follow-up care that his urologist has ordered, but to no avail. Because their prior Notice of Noncompliance appeared finally to provoke some action by Defendants to comply with their legal obligations with regard to Mr. Viera Reyes, Plaintiffs submit this Notice of Noncompliance in the hope that it will similarly cause Defendants to comply with this Court's order. Plaintiffs also wish to notify the Court that Plaintiffs will be forced to move for an Order to Show Cause re: Contempt of the December 22 Order in short

1  order should Defendants' noncompliance continue.

2  The relevant facts since the Court's December 22, 2025 order are as follows. The Court ordered Defendants to ensure that Mr. Viera Reyes see a urologist to obtain a biopsy and that he receive timely follow-up care, treatment, and all indicated medications, including timely access to an oncologist if indicated. Dkt. No. 36. A biopsy was scheduled for December 30, 2025, but did not happen due to Defendants' failure or neglect to comply with the Order. Plaintiffs, therefore, pressed the issue of noncompliance with Defendants, and they eventually scheduled a biopsy for Mr. Viera Reyes for January 7, 2026. *See* Dkt. No. 62. Once Mr. Viera Reyes finally received a biopsy on January 7, he should have learned whether he had prostate cancer soon thereafter. *See id.* Indeed, the biopsy results were read by the pathologist by January 9. Declaration of Tess Borden ("Borden Decl.") ¶ 5. But Mr. Viera Reyes did not receive his results for another five weeks. It is hard to fathom why it took so long to provide those results to Mr. Viera Reyes.

He had a follow-up appointment scheduled with the urologist on February 2, 2026, but Defendants failed to transport him to that appointment and then rescheduled the appointment for more than a month later. This prompted Plaintiffs to file their first Notice of Noncompliance on February 5, 2026, and the parties discussed the matter further with the Court at the motions hearing the next day. *See id.*; *see also* Hr'g Tr. 9:3–5 (Feb. 6, 2026) (Court indicating that March 3 appointment "[d]efinitely needs to be advanced").

Following that hearing, Defendants rescheduled Mr. Viera Reyes for his missed follow-up appointment on February 12, 2026. Borden Decl. ¶ 4. On that day—more than one month after the biopsy—the urologist finally delivered the results to Mr. Viera Reyes, informing him that he has a "very aggressive" and high-risk cancer. Viera Reyes Decl. ¶¶ 2–3. According to the discharge notes, the urologist ordered that Mr. Viera Reyes receive a PSMA PET scan. Borden Decl. ¶ 7. Such a scan is necessary to determine whether and to what extent the cancer has metastasized. *Id.* Ensuring that Mr. Viera Reyes receives this scan is critical; as Dr. Todd Wilcox previously observed, a prior CT scan of Mr. Viera Reyes's spine raises concerns about metastatic cancer to the bone. *See* Supplemental Declaration of Dr. Todd Wilcox ("Suppl. Wilcox Decl.") ¶¶ 34–35, Dkt. No. 27-2.

As of February 23, 2026, Mr. Viera Reyes's records show no indication that Defendants have scheduled him for a PSMA PET scan. Borden Decl. ¶ 8. The records show a referral to oncology with a "hold for" date of February 26 "pending financial authorization," but as Dr. Wilcox has previously explained, those notes do *not* indicate an appointment has been scheduled. *See* Suppl. Wilcox Decl. ¶ 20. Indeed, Mr. Viera Reyes had no such appointment on February 26. Mr. Viera Reyes has neither been sent for an oncology appointment nor a PSMA PET scan since his biopsy, nor has he been told if or when he can expect such appointments. *See* Viera Reyes Decl. ¶¶ 3–4. In the meantime, his condition has worsened. As his concurrently filed declaration reports: "My pain is increasing. It's in my rectum, my stomach, my back, and my left leg." *Id.* ¶ 5. He is "feeling fatigued more often" and "it has been very difficult" to try to pass a bowel movement. *Id.* When he does, the "bowel movement is hard and yellow, like the color of urine." *Id.* He cannot urinate without a catheter and is having difficulty walking. *Id*. He has lost 29 pounds since arriving at California City. *Id.* ¶ 6. The only medication he has received for his pain is Tylenol. *Id.* ¶ 5. As his conditions worsen with no end in sight, Mr. Viera Reyes fears he "will die at California City" without the urgently needed medical care. *Id.* ¶ 7.

On February 26, 2026, Plaintiffs' counsel contacted Defendants' counsel about this, asking whether and when Mr. Viera Reyes would receive a PSMA PET scan and an oncology appointment. Borden Decl. ¶ 3, Ex. A. Given the urgency, Plaintiffs asked for this information by close of business. Defendants' counsel acknowledged receipt of the email but has provided no substantive response. At 7:20 PM on the date of this filing, Defendants' counsel emailed Plaintiffs that they hoped to respond tomorrow. Plaintiffs replied that given the urgency and life-and-death nature of the issue, they would file this Notice and remain open to discussing whatever information Defendants can provide.

In the event that Defendants take urgent and appropriate action, Plaintiffs will ensure the Court is promptly notified. But as of this moment—and for many weeks leading up to now—Defendants are and have been in violation of the Court's December 22 Order that they "ensure timely compliance with all follow-up orders for treatment . . . directed by the urologist, including, if indicated, timely access to an appropriate oncologist." Dkt. No. 36 ¶ 4(d). Seven weeks have

passed since Mr. Viera Reyes's biopsy results revealed an aggressive cancer diagnosis. Yet Defendants appear to have taken no action despite the urologist's follow-up orders. Plaintiffs hope that this Notice will finally prompt Defendants to provide Mr. Viera Reyes with the care this Court ordered and that Defendants promised via stipulation that they would provide. If it does not, however, Plaintiffs will have no option but to move for an Order to Show Cause re: Contempt.

Dated: February 26, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Steven P. Ragland* | */s/ Margot Mendelson* |
| KEKER, VAN NEST & PETERS LLP | PRISON LAW OFFICE |
| STEVEN P. RAGLAND | MARGOT MENDELSON |
| CODY S. HARRIS | TESS BORDEN |
| CARLOS C. MARTINEZ | PATRICK BOOTH |
| LISA C. LU | ALISON HARDY |
| | RANA ANABTAWI |
| CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| PRIYA ARVIND PATEL | KYLE VIRGIEN |
| MARIEL VILLARREAL | FELIPE HERNANDEZ |
| | MARISOL DOMINGUEZ-RUIZ |
| | CARMEN IGUINA GONZALEZ |
| | *Attorneys for Plaintiffs* |