# Exhibit 1

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: 415-436-7200
    Facsimile: 415-436-6748
    savith.iyengar@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FERNANDO GOMEZ RUIZ, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-09757-MMC<br><br>**[PROPOSED] APPOINTMENT ORDER** |

    On February 10, 2026, the Court ordered Defendants to provide access to an External Monitor to ensure compliance with Paragraph (1) of the order. ECF No. 72 ("February 10 Order"). The February 10 Order required the parties to meet and confer regarding the selection of the External Monitor and to present their proposal(s) to the Court, after which the Court would enter a further Order of appointment. *Id.* Following the parties' status conference regarding the appointment of the monitor on March 5, 2026, the Court appointed Dr. Muthusamy Anandkumar as External Monitor. ECF No. 96. The Court further ordered the parties to meet and confer with respect to the form of the appointment order. *Id.*

    The parties have presented their proposals for the form of the appointment order to the Court. Having reviewed those submissions, the Court hereby **ORDERS**:

    1.    Dr. Anandkumar's review of patient-specific information described in this Order shall be

subject to protective order.[1]

2. The External Monitor's appointment is for a period of 120 days from the date of this Order (the "Term of Appointment"), subject to renewal by court order.

To ensure the External Monitor can monitor compliance with the February 10 Order and render a complete report to the Court, it is further **ORDERED**:

3. The External Monitor will be granted on-site read-only access to California City Detention Facility's electronic health record system ("EHRS") for up to seven business days during the Term of Appointment.

4. Upon request at any point during the Term of Appointment, Defendants shall provide the following documents to the External Monitor in electronic format, to the extent such documents exist:

   a. health care policies and procedures;
   b. patient lists related to particular diagnoses, detainees enrolled in chronic care clinics, prescriptions, detainees in medical observation/housing, pending orders, emergency room visits, specialty care visits, and off-site visits and returns;
   c. rosters of health care staff and current schedules, by position;
   d. the facility's medication/drug formulary and documentation of non-formulary requests and approvals/denials;
   e. logs of suicide watch placements, attempted suicides, and self-harm incidents;
   f. sick call requests and health care grievances/appeals produced by tablet, as opposed to paper submissions, and the facility's responses, for all patients during a 30-day period, and for specific patients, upon the External Monitor's request, when the relevant documents are not in the EHRS; and,
   g. any other documents or information that the External Monitor determines in his expertise he needs to assess compliance, which he shall jointly identify for the parties.

---

[1] If the parties do not stipulate to a protective order in time, the External Monitor shall indicate assent to the Model Protective Order for Highly Sensitive Confidential Information available on the U.S. District Court for the Northern District of California's website.

If there is a dispute about his entitlement to records, the parties shall meet and confer in an attempt to resolve the dispute and then seek the Court's assistance as needed.

5. The External Monitor shall be permitted one in-person inspection lasting up to three full days at the facility, to be scheduled on business days (Monday through Friday) with at least one week's notice. Counsel for the parties may not attend the site visit. On site, the External Monitor shall be permitted to:

   a. inspect any area of the facility and grounds related to the provision of health care, including intake and the medical unit;

   b. observe pill call in up to four housing pods of his selection;

   c. interview custody and medical staff, whether full-time or contract employees. If key health care staff are not available on the date(s) of the site visit, they will be made available to the External Monitor via videoconferencing within two weeks of the site visit's conclusion, subject to availability due to scheduled leave;

   d. interview patients of his choosing, provided they and class counsel consent, in a confidential room with sound privacy from any facility staff. Should the External Monitor wish and the facility approve it based on safety and security, the room shall allow for contact, *i.e.* not include a glass partition. Confidential language interpretation services shall be provided using contracted remote language interpretation services (VOYCE);

   e. review and receive a demonstration of the facility's health care scheduling system and relevant electronic databases or dashboards, including but not limited to system(s) that display pending appointments for specialists and clinic operations;

   f. review any facility video relevant to health care, including but not limited to emergency responses, unless upon review by the Warden or his designee, disclosure of the video would implicate safety or security concerns; and,

   g. bring necessary materials and equipment into the facility, including one laptop, but the External Monitor may not take photographs or make audio or video recordings given safety and security concerns. Should the External Monitor wish to have

      photographs or video recordings taken, a designated staff member will take the photograph and/or video recording requested by the External Monitor using a facility camera and confirm with the External Monitor that the photograph or video recording captures the intended subject(s). Any photographs or video recordings taken during the inspection will be subject to a security review by Defendants and CoreCivic, and all photographs and video recordings approved for disclosure will be provided to the External Monitor.

6. The External Monitor shall not be permitted to communicate *ex parte* with counsel for the parties.

7. By the conclusion of the Term of Appointment, the External Monitor shall produce a report assessing Defendants' compliance with the February 10 Order. The report shall be filed on the docket but shall contain no personal identifiers of patients. Individual patients shall be identified in a separate confidential appendix provided to counsel for the parties and to the Court under seal. After filing, the External Monitor shall serve the parties with the appendix, and the parties shall have 14 days from the date of service to file written comments with the Court. In his discretion, the External Monitor may file a modified version of the report in any manner suggested by a party.

8. The External Monitor shall be paid at a rate of $425/hour. He shall submit his reasonable fees and expenses to the Court and shall be paid by Defendants upon order of the Court.

Defendants shall provide access to items requested by the External Monitor within 14 days of the request. The External Monitor shall jointly alert the parties to issues in the timely provision of such items. The External Monitor may bring any unresolved concerns about access to the Court's attention. An undue delay in compliance with any portion of this Order, to the extent it prevents the External Monitor from timely or effectively completing his work, may be cause to extend the term of appointment.

**IT IS SO ORDERED.**

Dated: _____, 2026

                              HON. MAXINE M. CHESNEY
                              United States District Judge