KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022, *pro hac vice*
tess@prisonlaw.com
PATRICK BOOTH - # 328783
patrick@prisonlaw.com
ALISON HARDY - # 135966
ahardy@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. | Case No. 3:25-cv-09757-MMC <br><br> **DECLARATION OF MARGOT MENDELSON IN SUPPORT OF REVISED PROPOSED ORDER OF APPOINTMENT FOR RULE 706 MONITOR** <br><br> Judge:    Hon. Maxine M. Chesney <br><br> Date Filed:  November 12, 2025 |

DECLARATION OF MARGOT MENDELSON IN SUPPORT OF REVISED PROPOSED ORDER OF
APPOINTMENT FOR RULE 706 MONITOR
Case No. 3:25-cv-09757-MMC

6029620

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; TODD M. LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; SERGIO
ALBARRAN, Acting Director of San
Francisco Field Office, Enforcement and
Removal Operations, U.S. Immigration and
Customs Enforcement; U.S. DEPARTMENT
OF HOMELAND SECURITY; KRISTI
NOEM, Secretary, U.S. Department of
Homeland Security,

                            Defendants.

I, Margot Mendelson, declare as follows:

1.      I am an attorney licensed to practice in the State of California. I am the Executive Director of the Prison Law Office, and I represent the Plaintiffs in this action. I submit this declaration in support of the Plaintiffs' Submission re Revised Proposed Order of Appointment for Rule 706 Monitor. I have personal knowledge of the facts set forth herein, and if called to testify as a witness thereto under oath, I could competently do so.

2.      Following a conference on the appointment of the monitor on March 5, 2026, the Court directed the parties to meet and confer with respect to the form of the appointment order by March 12, 2026, and to submit a revised proposed order by 4:00 p.m. on March 13, 2026. ECF No. 96.

3.      On March 6, 2026, Steven Ragland, co-counsel for Plaintiffs, emailed Savith Iyengar, counsel for Defendants, inviting Mr. Iyengar to meet and confer live regarding the appointment order and, in the alternative, to notify co-counsel for Plaintiffs of any line edits to Plaintiffs' proposed order and explanations for each edit by close of business, March 9, 2026. Mr. Ragland attached in his email a copy of the proposed order that was submitted to the Court before the March 5, 2026 conference, except with Dr. Muthusamy Anandkumar's name and billing rate inserted.

4.      On March 9, 2026, Mr. Iyengar responded and indicated he would circulate a draft with Defendants' proposed changes on March 10, 2026.

5.      On March 10, 2026, Mr. Iyengar notified counsel for Plaintiffs that he would circulate a draft with Defendants' proposed changes and explanations of those changes on March 11, 2026.

6.      On March 11, 2026, Mr. Iyengar emailed counsel for Plaintiffs with Defendants' proposed changes to the proposed order.

7.      On March 12, 2026, at 11:40 a.m., I responded to Mr. Iyengar inviting him to meet and confer live with counsel for Plaintiffs regarding the order, if he was permitted to do so. In my email, I provided responses to Defendants' proposed changes and explanations for Plaintiffs' positions on the provisions of the proposed order. I also asked Mr. Iyengar to describe the nature

1

DECLARATION OF MARGOT MENDELSON IN SUPPORT OF REVISED PROPOSED ORDER OF APPOINTMENT FOR RULE 706 MONITOR
Case No. 3:25-cv-09757-MMC

6029620

of the network security concerns that Defendants allege prevent them from granting the monitor remote access to electronic health records and to share that information by 5 p.m. that day. At 12:21 p.m., Mr. Iyengar responded that he would follow up for information regarding the network security concerns. Then, at 4:55 p.m., in response to Mr. Iyengar's request, I shared with Mr. Iyengar an updated draft order reflecting Plaintiffs' acceptance and rejection of Defendants' proposed edits.

8.      Mr. Iyengar did not respond to this request on Thursday, March 12, the last day of the court-ordered meet and confer period. As of 3:00 p.m. on March 13, 2026, I have not received a response from Mr. Iyengar regarding Defendants' network security concerns.

9.      Attached as **Exhibit 1** is a true and correct copy of the email chain between counsel regarding the proposed order appointing the monitor since March 5, 2026 conference.

Executed this 13th day of March, 2026, at Berkeley, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____
MARGOT MENDELSON

DECLARATION OF MARGOT MENDELSON IN SUPPORT OF REVISED PROPOSED ORDER OF
APPOINTMENT FOR RULE 706 MONITOR
Case No. 3:25-cv-09757-MMC
6029620

# Exhibit 1

| | |
|---|---|
| **From:** | Margot Mendelson <mmendelson@prisonlaw.com> |
| **Sent:** | Thursday, March 12, 2026 4:55 PM |
| **To:** | Iyengar, Savith (USACAN) |
| **Cc:** | Steven Ragland; Cody S. Harris; Patrick Booth; Lisa C. Lu; Carlos C. Martinez; Carmen Iguina Gonzalez; Priya Patel; Tess Borden |
| **Subject:** | Re: [EXTERNAL] RE: Ruiz v. ICE - appointment of monitor |
| **Attachments:** | 2026.03.12 Proposed Order Appointing Monitor - Plaintiffs tracked changes.docx |

**[EXTERNAL]**



Hi Savith,

Attached is an updated draft that reflects Plaintiffs' acceptance and rejection of Defendants' proposed edits.

Margot

On Thu, Mar 12, 2026 at 12:21 PM Iyengar, Savith (USACAN) <Savith.Iyengar@usdoj.gov> wrote:

> Thank you Margot, and confirming that I've followed up internally for more information regarding the network security concerns.
>
>
> Thanks,
> Savith
>
>
> Savith Iyengar | Assistant U.S. Attorney
>
> 450 Golden Gate Avenue, Ninth Floor
>
> San Francisco, CA 94102
>
> savith.iyengar@usdoj.gov
>
> (415) 436-7018 (office)
>
> (415) 912-6455 (cell)

**From:** Margot Mendelson <mmendelson@prisonlaw.com>
**Sent:** Thursday, March 12, 2026 12:16 PM
**To:** Iyengar, Savith (USACAN) <Savith.Iyengar@usdoj.gov>
**Cc:** Steven Ragland <SRagland@keker.com>; Cody S. Harris <CHarris@keker.com>; Patrick Booth <patrick@prisonlaw.com>; Lisa C. Lu <LLu@keker.com>; Carlos C. Martinez <CMartinez@keker.com>; Carmen Iguina Gonzalez <ciguinagonzalez@aclu.org>; Priya Patel <priya@ccijustice.org>; Tess Borden <tess@prisonlaw.com>
**Subject:** Re: [EXTERNAL] RE: Ruiz v. ICE - appointment of monitor


Savith,


We will send you an updated draft by 5 pm today. We have responded in substance below. Defendants took five calendar days to provide a substantive response to our request to meet and confer about the order of appointment, and we require more than 24 hours to provide an updated draft.


Can we expect to receive more information about the nature of Defendants' network security concerns by 5 pm today, or are Defendants declining to provide that information?


Margot


On Thu, Mar 12, 2026 at 11:44 AM Iyengar, Savith (USACAN) <Savith.Iyengar@usdoj.gov> wrote:

> Hi Margot,
>
>
> Can you please circulate an updated draft that reflects plaintiffs' acceptance/rejection of the edits, as conveyed below?
>
>
> Thank you,
>
> Savith
>
>
> Savith Iyengar | Assistant U.S. Attorney
>
> 450 Golden Gate Avenue, Ninth Floor

San Francisco, CA 94102

savith.iyengar@usdoj.gov

(415) 436-7018 (office)

(415) 912-6455 (cell)

---

**From:** Margot Mendelson <mmendelson@prisonlaw.com>
**Sent:** Thursday, March 12, 2026 11:40 AM
**To:** Iyengar, Savith (USACAN) <Savith.Iyengar@usdoj.gov>
**Cc:** Steven Ragland <SRagland@keker.com>; Cody S. Harris <CHarris@keker.com>; Patrick Booth <patrick@prisonlaw.com>; Lisa C. Lu <LLu@keker.com>; Carlos C. Martinez <CMartinez@keker.com>; Carmen Iguina Gonzalez <ciguinagonzalez@aclu.org>; Priya Patel <priya@ccijustice.org>; Tess Borden <tess@prisonlaw.com>
**Subject:** Re: [EXTERNAL] RE: Ruiz v. ICE - appointment of monitor

Savith,

We understand that you are not permitted to communicate with us by phone or in person, but please let us know if that changes. It is difficult to meet and confer about topics of this nature solely in writing.

We have responded in bold below to each of your proposed revisions. Your email alludes to network security issues that prevent Defendants from granting the monitor remote access to the electronic health record. Can you please describe the nature of those concerns by 5 pm today?

Margot

On Wed, Mar 11, 2026 at 12:02 PM Iyengar, Savith (USACAN) <Savith.Iyengar@usdoj.gov> wrote:

Steven and team:

Please see attached for defendants' tracked changes to plaintiffs' proposed order.

All changes are consistent with our comments during the parties' hearing on Thursday, explained in further detail below.  We're happy to provide further context if necessary.

As you'll see, the changes include the following:

- Updating the document title to reflect the language used by the Court in the order (ECF No. 72 ["Order"]). **Plaintiffs cannot accept this chanage; the court monitor should be appointed pursuant to FRE 706.**
- Limiting the introductory paragraph to the scope of the appointment order, and updating it (and paragraph 1) to reflect that the Court has already appointed Dr. Anandkumar as external monitor. **Plaintiffs accept Defendants' new language at the end of the introductory paragraph but will retain the original language for the the Court's consideration. Plaintiffs cannot accept the deletion of Paragraph 1.**
- Updating paragraph 3 to provide "on-site" access to Dr. Anandkumar to avoid the concerns noted during the hearing, including network security issues; removing language related to a "team member" since it exceeds the scope of the Order. **Plaintiffs cannot agree to limit Dr. Anandkumar's electronic medical record access to seven days onsite at the facility. Plaintiffs do not agree to remove the language related to a team member.**
- Adding language to paragraph 4 consistent with modifications made during the hearing, which plaintiffs accepted.

  - Revising the documents referenced in paragraphs 4.b and 4.c based on our understanding of what records are relevant and exist, and to specifically identify those records. **Plaintiffs accept these edits except as to the monitor's ongoing need for documentation about people in medical housing/observation and the need for staffing information by position.**
  - Removing paragraph 4.e as redundant with prior paragraphs and patients' medical records. **Plaitifs cannot accept this edit. The provision about speciality care logs is not redundant.**
  - Updating paragraph 4.f consistent with modifications made by plaintiffs during the hearing. **Plaintiffs did not modify this provision at the hearing. The monitor needs access to all sick call requests and responses.**

- Updating paragraph 5 due to operational challenges related to scheduling the in-person inspection on weekends, or with insufficient notice. **Plaintiffs accept this edit.**

  - Making a similar change to staff interviews in paragraph 5.c. **Plaintiffs accept this edit.**
  - Adding a new paragraph 5.b to address a concern plaintiffs' counsel raised during the hearing. **Plaintiffs accept this edit except that the monitor also needs to be able to observe the collection of sick call slips in the housing units.**
  - Updating paragraph 5.d to avoid potential issues with represented individuals and ensure facility involvement in determining safety and security for contact

visits. **Plaintiffs accept the edit with respect to safety and security exceptions for contact visits. Plaintiffs to do not agree that the only mechanism for language interpretation when the monitor interviews patients will be Defendants' remote interpretation contractor.**

  o  Removing paragraph 5.f, which plaintiffs withdrew during the hearing. **Plaintiffs accept this deletion.**

  o  Removing from paragraph 5.g "one cellphone" and adding language permitting photography and video recording subject to safety and security measures. **Plaintiffs accept this revision.**

- Updating paragraphs 6 and 7 consistent with our concerns during the hearing about ensuring the monitor's neutrality, and to reflect language used by the Court. **Plaintiffs do not accept these revisions.**

- Updating paragraph 8 to ensure compliance with federal rules on making payments to third parties. **Plaintiffs accept the deletion of the last clause in paragraph 8.**

Thank you,
Savith

Savith Iyengar | Assistant U.S. Attorney

450 Golden Gate Avenue, Ninth Floor

San Francisco, CA 94102

savith.iyengar@usdoj.gov

(415) 436-7018 (office)

(415) 912-6455 (cell)

---

**From:** Iyengar, Savith (USACAN)
**Sent:** Tuesday, March 10, 2026 10:02 PM
**To:** 'Steven Ragland' <SRagland@keker.com>; 'Cody S. Harris' <CHarris@keker.com>
**Cc:** 'Margot Mendelson' <mmendelson@prisonlaw.com>; 'Patrick Booth' <patrick@prisonlaw.com>; 'Lisa C. Lu' <LLu@keker.com>; 'Carlos C. Martinez' <CMartinez@keker.com>; 'Carmen Iguina Gonzalez' <ciguinagonzalez@aclu.org>; 'Priya Patel' <priya@ccijustice.org>; 'Tess Borden' <tess@prisonlaw.com>
**Subject:** RE: [EXTERNAL] RE: Ruiz v. ICE - appointment of monitor

Hi all,

We are continuing to work on this and expect to have a draft to you tomorrow morning reflecting our changes, and explanations of those changes.

Thank you,

Savith

Savith Iyengar | Assistant U.S. Attorney

450 Golden Gate Avenue, Ninth Floor

San Francisco, CA 94102

savith.iyengar@usdoj.gov

(415) 436-7018 (office)

(415) 912-6455 (cell)

---

**From:** Iyengar, Savith (USACAN)
**Sent:** Monday, March 9, 2026 2:13 PM
**To:** 'Steven Ragland' <SRagland@keker.com>; Cody S. Harris <CHarris@keker.com>
**Cc:** Margot Mendelson <mmendelson@prisonlaw.com>; Patrick Booth <patrick@prisonlaw.com>; Lisa C. Lu <LLu@keker.com>; Carlos C. Martinez <CMartinez@keker.com>; Carmen Iguina Gonzalez <ciguinagonzalez@aclu.org>; Priya Patel <priya@ccijustice.org>; Tess Borden <tess@prisonlaw.com>
**Subject:** RE: [EXTERNAL] RE: Ruiz v. ICE - appointment of monitor

Hi Steven,

Confirming receipt, that we've been working on this, and that we expect to circulate a draft tomorrow reflecting our proposed changes.


Thank you,
Savith


Savith Iyengar | Assistant U.S. Attorney

450 Golden Gate Avenue, Ninth Floor

San Francisco, CA 94102

savith.iyengar@usdoj.gov

(415) 436-7018 (office)

(415) 912-6455 (cell)

---

**From:** Steven Ragland <SRagland@keker.com>
**Sent:** Friday, March 6, 2026 9:50 AM
**To:** Iyengar, Savith (USACAN) <Savith.Iyengar@usdoj.gov>; Cody S. Harris <CHarris@keker.com>
**Cc:** Margot Mendelson <mmendelson@prisonlaw.com>; Patrick Booth <patrick@prisonlaw.com>; Lisa C. Lu <LLu@keker.com>; Carlos C. Martinez <CMartinez@keker.com>; Carmen Iguina Gonzalez <ciguinagonzalez@aclu.org>; Priya Patel <priya@ccijustice.org>; Tess Borden <tess@prisonlaw.com>
**Subject:** RE: [EXTERNAL] RE: Ruiz v. ICE - appointment of monitor


Savith-


We remain available to meet and confer live (telephonically, by zoom, in person) with regard to the order regarding the monitor, so please let us know if you are willing to do so.  If not, please let us know via email no later than close of business Monday, March 9, what, if any, line edits you wish to propose to our form of order and provide an explanation for each.

For ease of review, I have attached a Word version of the proposed order of appointment that is identical to what we previously submitted to the Court, except that Dr. Anandkumar's name and billing rate has been inserted.


Regards,

--Steven


---

**Steven P. Ragland**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
+14157736604 direct | 415 391 5400 main
sragland@keker.com | vcard | keker.com

1  KEKER, VAN NEST & PETERS LLP
   STEVEN P. RAGLAND - # 221076
2  sragland@keker.com
   CODY S. HARRIS - # 255302
3  charris@keker.com
   CARLOS C. MARTINEZ - # 354616
4  cmartinez@keker.com
   LISA C. LU - # 364259
5  llu@keker.com
   633 Battery Street
6  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
7  Facsimile:    415 397 7188

8  CALIFORNIA COLLABORATIVE FOR
   IMMIGRANT JUSTICE
9  PRIYA ARVIND PATEL - # 295602
   priya@ccijustice.org
10 MARIEL VILLARREAL - # 317048
   mariel@ccijustice.org
11 1999 Harrison Street #1800
   Oakland, California 94612
12 Tel: (650) 762-8990

13

14

15

16

17

18 *Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri*
19 *Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia*
   *and all others similarly situated*

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022, *pro hac vice*
tess@prisonlaw.com
PATRICK BOOTH - # 328783
patrick@prisonlaw.com
ALISON HARDY - # 135966
ahardy@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

20             UNITED STATES DISTRICT COURT

21           NORTHERN DISTRICT OF CALIFORNIA

22 FERNANDO GOMEZ RUIZ; FERNANDO         Case No. 3:25-cv-09757-MMC
   VIERA REYES; JOSE RUIZ CANIZALES;
23 YURI ALEXANDER ROQUE CAMPOS;          **[PROPOSED] ORDER APPOINTING**
   SOKHEAN KEO; GUSTAVO GUEVARA          **MUTHUSAMY ANANDKUMAR AS**
24 ALARCON; and ALEJANDRO MENDIOLA       **COURT EXPERT PURSUANT TO FRE**
   ESCUTIA, on behalf of themselves and all   **706**
25 others similarly situated,
                                          Judge:      Hon. Maxine M. Chesney
26                      Plaintiffs,
                                          Date Filed:  November 12, 2025
27          v.

28

Commented [MM1]: Proposed edit rejected (also reject edit in footer)

[PROPOSED] ORDER APPOINTING MUTHUSAMY ANANDKUMAR AS COURT EXPERT PURSUANT TO
FRE 706
Case No. 3:25-cv-09757-MMC
6033798

| | |
|---|---|
| 1 | U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, |
| 2 | Acting Director, U.S. Immigration and Customs Enforcement; SERGIO |
| 3 | ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and |
| 4 | Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT |
| 5 | OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of |
| 6 | Homeland Security, |
| 7 | Defendants. |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

[PROPOSED] ORDER APPOINTING MUTHUSAMY ANANDKUMAR AS COURT EXPERT PURSUANT TO
FRE 706
Case No. 3:25-cv-09757-MMC

6033798

## [PROPOSED] ORDER APPOINTING MUTHUSAMY ANANDKUMAR AS EXTERNAL MONITOR

At a hearing on February 6, 2026, the Court found evidence of systemwide failures in Defendants' delivery of health care services at California City Detention Facility in the areas of health care staffing, intake procedures and assessments, access to medical specialists and emergency services, continuity of care, access to prescribed medications, and the "sick call" system. The Court concluded that Plaintiffs would suffer irreparable harm if the Court did not issue relief, that harm to some of the Named Plaintiffs and putative class members had already occurred, and that the balance of the equities and public interest favored a preliminary injunction. Accordingly, the Court granted in part Plaintiffs' Motion for Preliminary Injunction and provisionally certified the Class. *See* ECF No. 71. On February 10, 2026, the Court enumerated the specific relief ordered, including eight basic components of a functional health care system, and ordered Defendants to provide access to an External Monitor to ensure compliance with ~~Paragraph (1) of the order~~ those basic components and the provision of constitutionally adequate health care. ECF No. 72 ("February 10 Order"). The February 10 Order required the parties to meet and confer regarding the selection of the External Monitor and to present their proposal(s) to the Court, after which the Court would enter a further Order of appointment. *Id.* Following the parties' status conference regarding the appointment of the monitor on March 5, 2026, the Court appointed Dr. Muthusamy Anandkumar as External Monitor. ECF No. 96. The Court further ordered the parties to meet and confer with respect to the form of the appointment order. *Id.*

The parties have presented their proposals for the form of the appointment order to the Court. Having reviewed those submissions, the Court hereby **ORDERS**:

1. Pursuant to Rule 706 of the Federal Rules of Evidence, Muthusamy Anandkumar, M.D., is appointed as the Court's expert and External Monitor to monitor compliance with the Court's February 10, 2026 Order and the provision of constitutionally adequate health care. Dr. Anandkumar's *curriculum vitae* is attached as Exhibit A. Dr. Anandkumar's review of patient-specific information described in this Order shall be subject to protective

Commented [MM2]: Proposed deletion rejected
Commented [MM3]: Proposed deletion rejected
Commented [MM4]: Proposed deletion rejected
Commented [MM5]: Proposed edit accepted.
Commented [MM6]: Proposed edit accepted.
Commented [MM7]: Proposed edits accepted
Commented [MM8]: Proposed deletion rejected.

order.[1]

2. The External Monitor's appointment is for a period of 120 days from the date of this Order (the "Term of Appointment"), subject to renewal by court order. To ensure the External Monitor can monitor compliance with the February 10 Order and render a complete report to the Court, it is further **ORDERED**:

3. The External Monitor will be granted remote read-only access to California City Detention Facility's electronic health record system ("EHRS") for the full term of appointment. The External Monitor may select up to one team member to assist with medical record reviews. That team member shall be granted remote read-only access to the EHRS, subject to protective order, but shall not be permitted to attend the site visit described below.

4. Upon request at any point during the Term of Appointment, Defendants shall provide the following documents to the External Monitor in electronic format, to the extent such documents exist:

   a. health care policies and procedures;

   b. patient lists related to particular diagnoses, detainees enrolled in chronic care clinics, prescriptions, detainees in medical observation/housing, pending orders, emergency room visits, specialty care visits, and off-site visits and returns;

   c. rosters of health care staff and current schedules by position;

   d. the facility's medication/drug formulary and documentation of non-formulary requests and approvals/denials;

   e. the tool or criteria used to approve or deny referrals to specialists and utilization management logs or other records documenting approval, denials, and deferrals (including alternative treatment plans);

   f. logs of suicide watch placements, attempted suicides, and self-harm incidents;

---

[1] If the parties do not stipulate to a protective order in time, the External Monitor and his team member shall indicate assent to the Model Protective Order for Highly Sensitive Confidential Information available on the U.S. District Court for the Northern District of California's website.

Commented [MM9]: Proposed deletion in footnote rejected

Commented [MM10]: Proposed edit accepted

Commented [MM11]: Proposed edits rejected

Commented [MM12]: Proposed edit accepted

Commented [MM13]: Proposed edits accepted

Commented [MM14]: Proposed edits accepted

Commented [MM15]: Proposed deletion rejected

g.  sick call requests and health care grievances/appeals, and the facility's responses, including tablet and paper submissions, for all patients during a 30-day period, and for specific patients, upon the External Monitor's request, when the relevant documents are not in the EHRS; and,

h.  any other documents or information that the External Monitor determines in his expertise he needs to assess compliance, which he shall jointly identify for the parties. If there is a dispute about his entitlement to records, the parties shall meet and confer in an attempt to resolve the dispute and then seek the Court's assistance as needed.

5.  The External Monitor shall be permitted one in-person inspection lasting up to three full days at the facility, to be scheduled on business days (Monday through Friday) with at least one week's notice. Counsel for the parties and/or intervenors or proposed intervenors may not attend the site visit. On site, the External Monitor shall be permitted to:

a.  inspect any area of the facility and grounds related to the provision of health care, including intake and the medical unit;

b.  observe pill call and the collection of sick call slips in up to four housing pods of his selection;

c.  interview custody and medical staff, whether full-time or contract employees. If key health care staff are not available on the date(s) of the site visit, they will be made available to the External Monitor via videoconferencing within two weeks of the site visit's conclusion, subject to availability due to scheduled leave;

d.  interview patients of his choosing, provided they and their class counsel consent, in a confidential room with sound privacy from any facility staff. Should the External Monitor wish and the facility approve it based on safety and security, the room shall allow for contact, *i.e.* not include a glass partition. Defendants will compensate an in-person Spanish language interpreter to accompany the External Monitor for patient interviews and will facilitate access to an external phone line for patient interviews that require interpretation for other languages. All

**Comments:**
- Commented [MM16]: Proposed edits rejected
- Commented [MM17]: Proposed edit accepted
- Commented [MM18]: Proposed edits accepted
- Commented [MM19]: Proposed edit accepted but for the stricken language
- Commented [MM20]: Proposed edit accepted
- Commented [MM21]: Proposed edits accepted
- Commented [MM22]: Proposed edits accepted
- Commented [MM23]: Proposed edit accepted
- Commented [MM24]: Proposed edit accepted

1    interpreters will be subject to protective order. ~~Confidential in-person language~~
2    ~~interpretation services shall be provided using contracted remote language~~
3    ~~interpretation services (VOYCE), or compensated by Defendants at a reasonable~~
4    ~~rate should the External Monitor arrange interpretation;~~

Commented [MM25]: Proposed edit rejected

5    e.    review and receive a demonstration of the facility's health care scheduling system
6          and relevant electronic databases or dashboards, including but not limited to
7          system(s) that display pending appointments for specialists and clinic operations;

8    f.    review any facility video relevant to health care, including but not limited to
9          emergency responses, unless upon review by the Warden or his designee,
10         disclosure of the video would implicate safety or security concerns, and any

Commented [MM26]: Proposed edit accepted

11         business, budgetary, and/or operational documents relevant to health care; and,

Commented [MM27]: Proposed deletion rejected

12   g.    ~~observe any institutional meetings, proceedings, and programs to the extent the~~

Commented [MM28]: Proposed deletion of provision (g) accepted

13         ~~External Monitor determines such access is needed to fulfill his obligations; and,~~
14   ~~h.~~g  bring necessary materials and equipment into the facility, including ~~one cellphone~~

Commented [MM29]: Proposed deletion accepted

15         ~~and~~ one laptop, but the External Monitor may not take photographs or make audio
16         or video recordings given safety and security concerns. Should the External
17         Monitor wish to have photographs or video recordings taken, a designated staff
18         member will take the photograph and/or video recording requested by the External
19         Monitor using a facility camera and confirm with the External Monitor that the
20         photograph or video recording captures the intended subject(s). Any photographs
21         or video recordings taken during the inspection will be subject to a security review

Commented [MM30]: Proposed edit accepted

22         ~~by Defendants and CoreCivic~~, and all photographs and video recordings approved
23         for disclosure will be provided to the External Monitor.

24   6.   The External Monitor shall be permitted to communicate *ex parte* with counsel for the
25        parties as needed to perform his duties.

Commented [MM31]: Proposed edit rejected

26   7.   By the conclusion of the Term of Appointment, the External Monitor shall produce a
27        report assessing Defendants' compliance with the February 10 Order and the provision of

Commented [MM32]: Proposed edit accepted

28        constitutionally adequate health care and making recommendations for remedial actions.

Commented [MM33]: Proposed deletion rejected

The report shall be filed on the docket but shall contain no personal identifiers of patients. Individual patients shall be identified in a separate confidential appendix provided to counsel for the parties and to the Court under seal. Before filing, the External Monitor shall serve the parties with the report and appendix, copying all parties, and the parties shall have 14 days from the date of service to submit written comments to the External Monitor, with all parties copied. In his discretion, the External Monitor may modify the report in any manner suggested by a party before filing it with the Court.

8. The External Monitor and his team member shall be paid at a rate of $425/hour. They shall submit their reasonable fees and expenses to the Court and shall be paid by Defendants upon order of the Court, without requirement of any additional contract with Defendants or the federal government. Defendants shall provide access to items requested by the External Monitor within seven 14 days of the request. The External Monitor shall jointly alert the parties to issues in the timely provision of such items. The External Monitor and/or the parties may bring any concerns about access to the Court's attention. An undue delay in compliance with any portion of this Order, to the extent it prevents the External Monitor from timely or effectively completing his work, may be cause to extend the term of appointment.

**IT IS SO ORDERED.**

Dated:

_____
Hon. Maxine M. Chesney
United States District Judge

Commented [MM34]: Proposed edits rejected
Commented [MM35]: Proposed edits rejected
Commented [MM36]: Proposed deletion accepted
Commented [MM37]: Proposed edit accepted
Commented [MM38]: Proposed edit accepted
Commented [MM39]: Proposed edit accepted