KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022, *pro hac vice*
tess@prisonlaw.com
PATRICK BOOTH - # 328783
patrick@prisonlaw.com
ALISON HARDY - # 135966
ahardy@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS | Case No. 3:25-cv-09757-MMC<br><br>**[PROPOSED] ORDER DENYING CORECIVIC'S MOTION TO STAY PENDING APPEAL**<br><br>Judge:     Hon. Maxine M. Chesney<br><br>Date Filed:  November 12, 2025 |

ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security,

Defendants.

**[PROPOSED] ORDER**

Before the Court is Non-Party CoreCivic, Inc.'s Motion to Stay the Court's February 10, 2026 Order Pending Appeal ("Motion to Stay"). Having considered the Motion, the papers filed in support thereof and in opposition thereto, the evidence contained in the record, the arguments of counsel, and the factors set forth in *Nken v. Holder,* 556 U.S. 418 (2009), the Court finds as follows:

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433. Rather, it is an "exercise of judicial discretion," and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. In evaluating a motion to stay, the Court considers the following factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 434. The Court finds that CoreCivic has failed to carry its burden on each of the *Nken* factors.

First, CoreCivic has not made a strong showing of likelihood of success on the merits. The Court applied the correct legal standards in granting preliminary injunctive relief and provisional class certification. The Court's oral findings at the February 6, 2026 hearing and the March 5, 2026 conference, supported by the voluminous evidentiary record (which included expert declarations, over two dozen declarations from detained individuals, and close to a dozen declarations of legal representatives), are sufficient to support both preliminary injunctive relief and class certification. *See* Fed. R. Civ. P. 52(a); *FTC v. Enforma Natural Prods.*, 362 F.3d 1204, 1212 (9th Cir. 2004). As to class certification, a "rigorous analysis" of the Rule 23 requirements may be satisfied without lengthy written findings where the basis for certification is apparent from the record. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005). Additionally, the preliminary injunction satisfies the specificity of Rule 65(d) because it describes in reasonable detail the acts required and is not "so vague that [it has] no reasonably specific meaning." *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1097 (9th Cir. 2002).

1

Second, CoreCivic has failed to demonstrate irreparable injury absent a stay. "Economic harm is not generally considered irreparable." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021). CoreCivic alleges harms that are economic in nature but has not shown that any such costs threaten its continued operations or are incapable of remedy. Moreover, CoreCivic "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Third, a stay would substantially injure Plaintiffs and the class by prolonging ongoing constitutional violations affecting the more than one thousand civil immigration detainees at the California City Detention Facility. The record demonstrates systemic deficiencies in medical care and access to counsel that place detainees at serious risk of harm.

Fourth, the public interest weighs against a stay. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

Accordingly, the Court finds that CoreCivic has failed to meet its burden to establish that the circumstances justify a stay of the Court's February 10, 2026 Order. It is hereby **ORDERED** that CoreCivic's Motion to Stay is **DENIED**.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Maxine M. Chesney
United States District Court

2
[PROPOSED] ORDER DENYING CORECIVIC'S MOTION TO STAY PENDING APPEAL
Case No. 3:25-cv-09757-MMC

6029708