KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022, *pro hac vice*
tess@prisonlaw.com
PATRICK BOOTH - # 328783
patrick@prisonlaw.com
ALISON HARDY - # 135966
ahardy@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated, | Case No. 3:25-cv-09757-MMC **[PROPOSED] ORDER DENYING CORECIVIC'S MOTION TO INTERVENE** |
| Plaintiffs, | Judge:    Hon. Maxine M. Chesney |
| v. | Date Filed:  November 12, 2025 |
| U.S. IMMIGRATION AND CUSTOMS | |

ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security,

Defendants.

**[PROPOSED] ORDER**

Before the Court is Non-Party CoreCivic, Inc.'s Emergency Motion to Intervene pursuant to Federal Rule of Civil Procedure 24 for the limited purpose of appealing the Court's February 10, 2026 Order and seeking a stay pending appeal. Having considered the Motion, the papers filed in support thereof and in opposition thereto, the record, and the arguments of counsel, the Court finds that CoreCivic has failed to meet its burden to establish that intervention is warranted.

Intervention as of right under Rule 24(a)(2) requires the movant to show that (1) the motion is timely; (2) the movant has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the movant's ability to protect that interest; and (4) the existing parties may not adequately represent that interest. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003). The movant bears the burden of satisfying all four requirements, and failure to meet any one requirement is fatal. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

First, the Court finds that CoreCivic's Motion is untimely. Timeliness is "the threshold requirement" for intervention as of right. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). Untimeliness is therefore sufficient to deny intervention without reaching the other requirements. *See United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996). In assessing timeliness, courts consider the stage of the proceedings, the prejudice to existing parties, and the reason for and length of the delay. *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835–36 (9th Cir. 2022). From the outset of this action, Plaintiffs sought injunctive relief directed at conditions at California City Detention Facility, including improved health care and attorney access and, by way of preliminary injunction motion, the appointment of a medical monitor. CoreCivic was aware of the litigation and the nature of the relief sought well before the Court issued its February 10, 2026 Order granting preliminary relief. Indeed, CoreCivic employees submitted sworn declarations in support of Defendants' opposition to Plaintiffs' preliminary injunction motion. Despite such knowledge, CoreCivic did not seek to intervene

1

during the pendency of the preliminary injunction proceedings and instead waited until after the Court heard extensive argument, substantively engaged with the issues, entered preliminary relief, and initiated the monitor selection process. A prospective intervenor "must act as soon as he knows or has reason to know that his interests might be adversely affected," *Oregon*, 913 F.2d at 589, and when the prospective intervenor "should have been aware that [its] interests would not be adequately protected by the existing parties," *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). CoreCivic should have known that its asserted interests were implicated, and potentially would not be adequately represented by Defendants, at the outset of the litigation, or when Defendants declined to appeal the Court's order on Plaintiffs' motion for temporary restraining order which related to the same medical care issues raised in their preliminary injunction motion. Moreover, under controlling Ninth Circuit authority, a party may not employ a wait-and-see approach and seek intervention only after an adverse ruling has issued. *See Cal. Dep't of Toxic Substances Control*, 309 F.3d at 1119–20. The Court further finds that permitting intervention at this stage would prejudice the existing parties and risk delaying implementation of time-sensitive preliminary relief. For these reasons, CoreCivic's Motion is untimely, and intervention as of right is unwarranted on that basis alone.

Second, the Court finds that CoreCivic has not demonstrated a significantly protectable and impaired interest. CoreCivic asserts a protectable interest arising from its contract with Defendant U.S. Immigration and Customs Enforcement to operate California City Detention Facility. That contract, however, is not at issue in this litigation and CoreCivic has failed to disclose it or point to any specific contractual provisions that support its argument. Plaintiffs do not seek to invalidate, modify, or terminate that agreement, and the Court's February 10, 2026 Order does not alter its terms, making CoreCivic's asserted contractual interest too attenuated from the relief sought to constitute a significantly protectable interest for purposes of intervention as of right. *See San Francisco Baykeeper v. United States Fish & Wildlife Serv.*, 2021 WL 3426961, at *7 (N.D. Cal. Aug. 5, 2021). Moreover, the Court's February 10, 2026 Order merely directs Defendants to ensure constitutionally adequate conditions of confinement. CoreCivic's contract with ICE could hardly provide otherwise.

Third, the Court finds that CoreCivic's interests are adequately represented by Defendants. Where the movant and an existing party share the same ultimate objective, a presumption of adequacy arises. *Arakaki*, 324 F.3d at 1086. To overcome that presumption, the applicant must make a compelling showing to demonstrate inadequate representation. *Id.* CoreCivic and Defendants share the same ultimate objective in defending the lawfulness of conditions at California City Detention Facility and opposing the scope of injunctive relief sought by Plaintiffs. Any asserted divergence of interests either arose at the outset of the litigation or when Defendants acceded to the Court's TRO Order.

Because CoreCivic has failed to satisfy multiple requirements of Rule 24(a)(2), intervention as of right is denied.

The Court also declines to permit intervention under Rule 24(b). Even assuming arguendo that CoreCivic could identify a common question of law or fact, the Motion is untimely. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). District courts retain broad discretion to deny permissive intervention where it would unduly delay or prejudice adjudication of the original parties' rights. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). The Court finds that intervention at this point would needlessly expend judicial resources and delay the adjudication of urgent relief, including relief addressing Plaintiffs' and class members' continued medical needs. For these and other reasons, the Court exercises its discretion to deny permissive intervention.

Accordingly, it is hereby **ORDERED** that CoreCivic's Motion to Intervene is **DENIED**. It is further **ORDERED** that CoreCivic's Motion to Stay (Dkt. No. 86) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Maxine M. Chesney
United States District Court

[PROPOSED] ORDER DENYING CORECIVIC'S MOTION TO INTERVENE
Case No. 3:25-cv-09757-MMC