Daniel P. Struck, Pro Hac Vice
AZ Bar #012377
Dana M. Keene, CA Bar #324993
Shannon L. Knorr, CA Bar #300399
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
dkeene@strucklove.com
sknorr@strucklove.com

Nicholas H. Rasmussen, Bar #285736
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & SMITH, LLP
7647 North Fresno Street
Fresno, CA  93720
Tel: (559) 433-1300
Fax: (559) 433-2300
nrasmussen@mccormickbarstow.com

*Attorneys for Intervenor CoreCivic, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FERNANDO GOMEZ RUIZ, et al.,<br><br>                              Plaintiffs,<br><br>        v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>                              Defendants,<br><br>CORECIVIC, INC.,<br><br>                              Intervenor. | Case No. 3:25-cv-09757-MMC<br><br>**CORECIVIC, INC.'S REPLY IN SUPPORT OF EMERGENCY MOTION TO INTERVENE**<br><br>Date:    April 10, 2026<br>Time:   9:00 a.m.<br>Dept:   Courtroom 7<br>Judge:  Honorable Maxine M. Chesney |

Plaintiffs' Opposition accuses CoreCivic of engineering a "strategic … delay" and "remain[ing] on the sidelines" until the "eleventh hour" "solely for the purpose of halting potentially life-saving relief." (Dkt. 106 at 7-8, 19-20.)  Plaintiffs are wrong.  There is nothing "cynical" (*id*.) about CoreCivic's request to intervene.  The Court certified a sweeping class and entered a preliminary injunction.  CoreCivic will bear the brunt of that February 10, 2026 Order

- 1 -

("Order"). Concerned that Defendants had not immediately appealed, CoreCivic was compelled to intervene and appeal the Order itself. That isn't "improper gamesmanship." Rule 24 authorizes non-parties to intervene, and intervenors are permitted to appeal an adverse ruling. The Opposition's inflammatory rhetoric is likely driven by Plaintiffs' realization that an appeal will result in its vacatur. (*See* Dkt. 103.) Indeed, even this Court has acknowledged that the Order fell short. But Plaintiffs' haste to avoid that outcome has driven them to lead this Court down another erroneous road. Their contention that an intervenor must intervene at the outset of the litigation is (reversibly) wrong. CoreCivic's Motion to Intervene was timely and they have satisfied the remaining elements of Rule 24.

## I.    CoreCivic's Motion to Intervene Is Timely.

**Stage of the Proceedings.** Relying on *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997), Plaintiffs assert that a request to intervene is untimely "when, as here, 'the district court has substantively—and substantially—engaged the issues in this case.'" (Dkt. 106 at 17.) But *Wilson* did not involve a request to intervene for the purpose of appealing a final order. In that circumstance, the "general rule" is that a request to intervene "is timely if filed within the time allowed for the filing of an appeal.'" *W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (citation omitted). Thus, it is irrelevant that the Court considered several substantive motions in the four months leading up to the Order. *See id.* (holding that the district court abused its discretion in denying a request to intervene for appeal purposes by relying on the fact that "the case had been proceeding for more than two years during which time the court … denied multiple motions to dismiss, transferred part of the case to Wyoming, granted a preliminary injunction, and granted partial summary judgment for Plaintiff"). The Court must "treat[] [CoreCivic's motion to intervene] as timely if filed within the time allowed for the filing of an appeal, which it indisputably was." *Id*. at 837 (internal quotations and citation omitted).

Plaintiffs contend that this "general rule" is "not an ironclad one," and, citing *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994), they assert that CoreCivic must still establish the remaining timeliness factors. (Dkt. 106 at 18.) But in *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997), the Ninth Circuit held that its

- 2 -

"three-part test" applied only to "general intervention," not intervention for the limited purpose of appealing a final order. "[S]o long as the motion to intervene is filed within the time within which [a party] could have taken an appeal, the motion is timely as a matter of law." *Id*. Nonetheless, as discussed below, the two additional timeliness factors are also satisfied here. CoreCivic's compliance with the "general rule" satisfies—at the very least—the stage-of-proceedings factor.[1]

**Prejudice to Other Parties.** Defendants did not oppose CoreCivic's Motion to Intervene. Thus, they are, presumably, not prejudiced by CoreCivic's intervention. Plaintiffs contend that, if CoreCivic intervenes, "the effort the parties (and the Court) have spent" litigating the Motion for Preliminary Injunction and Motion for Class Certification "would be for naught" and they will be forced to expend additional resources "relitigate[ing]" those issues on appeal. (Dkt. 106 at 16-17.) Plaintiffs again ignore the proper standard.

"The only 'prejudice' that is relevant is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented." *Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 825 (9th Cir. 2021) (internal quotations and citation omitted). "[T]he fact that including another party in the case might make resolution more difficult does not constitute prejudice." *Id*. (internal quotations and citation omitted). Nor does the fact that "permitting intervention would raise additional complicating issues that would unduly delay this action." *Id*. (internal quotations and citation omitted). "[E]very motion to intervene will complicate or delay a case to some degree—three parties are more than two. That is not a sufficient reason to deny intervention." *Id*. (internal quotations and citation omitted).

Plaintiffs complain of just that—they contend intervention will require them to defend the Order on appeal, which will result in more effort and possibly a vacatur of that Order. The Ninth Circuit rejected this same argument in *Haaland*. In that case, "the sole prejudice identified by the District Court was the fact that Plaintiffs would face additional briefing on appeal, including

---

[1] The "general rule" *is* "ironclad" and has been recognized by the Ninth Circuit for at least 35 years, *see Yniguez v. Ariz.*, 939 F.2d 727, 734 (9th Cir. 1991), and by the United States Supreme Court for nearly 50 years, *see United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977).

CORECIVIC'S REPLY TO EMERGENCY MOT. TO INTERVENE          CASE NO. 3:25-CV-09757-MMC

possible additional arguments not presented to or ruled upon by the District Court. If intervention were allowed, the court reasoned, Plaintiffs may face 'redundant arguments' and a 'piling on' effect." *Haaland*, 22 F.4th at 838-39 (internal quotations omitted). The Ninth Circuit held that the district court's concern was "a poor reason to deny intervention, particularly given the possibility that [the intervenor's] additional arguments could prove persuasive. That [it] might raise new, legitimate arguments [on appeal] is a reason to grant intervention, not deny it." *Id*. at 839.

Plaintiffs' argument fails for the same reason. Their argument is also tantamount to a rule that a non-party is never permitted to intervene for the purpose of appealing a district court's order. After all, in those circumstances, the challenged order was preceded by significant party and court efforts. But intervention to appeal *is* regularly permitted and a court's order is not immune from an intervenor's appeal. *See*, *e.g.*, *id*. None of the cases Plaintiffs cite in support of their argument (except one) involved a request to intervene for the purpose of appealing an order. Rather, they involved requests to intervene to participate *in the underlying case. See Chevron Env't Mgmt. Co. v. Env't Prot. Corp.*, 335 F.R.D. 316, 320 (E.D. Cal. 2020); *E&B Nat. Res. Mgmt. Corp. v. Cnty. Of Alameda*, 2019 WL 5697912, at *1 (N.D. Cal. Nov. 4, 2019); *Equal Emp. Opportunity Comm'n v. Georgia-Pac. Corrugated LLC*, 2008 WL 11388687, at *1 (N.D. Cal. Apr. 9, 2008). In their cited case involving a request to intervene for the purpose of appealing an order, the district court *granted* the request to intervene for that purpose. *See Ctr. for Investigative Reporting v. U.S. Dep't of Lab.*, 2020 WL 5640068, at *5 (N.D. Cal. July 20, 2020).

**Reason For and Length of Delay.** Plaintiffs argue that CoreCivic unreasonably and unjustifiably delayed in seeking to intervene because it "knew the litigation could adversely affect its interests" as early as November 12, 2025, when they filed their Complaint (Dkt. 1), and at the latest on December 1, 2025, when they filed their Motion for Preliminary Injunction (Dkt. 22). Plaintiffs are three for three in misstating the applicable standard.

"To decide whether the length of the delay weighs in favor of or against timeliness, … th[e] rule is clear: 'Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, *not the date it learned of the litigation*." *Kalbers*, 22 F.4th at 823 (quoting *United States v. State of Wash.*, 86 F.3d 1499, 1503

- 4 -

(9th Cir. 1996)). Courts "discourage premature intervention that unnecessarily squanders scarce judicial resources and increases litigation costs." *Id*. (internal quotations and citation omitted). In urging the Court to determine timeliness based on the filing of the Complaint or Motion for Preliminary Injunction, Plaintiffs are inviting the Court to commit reversible error. *See id*. at 824 ("Here, the district court's ruling to the contrary was an abuse of discretion. Its order focused almost exclusively on the date when VW learned of Kalbers' lawsuit and on VW's representations concerning this knowledge. But this was the wrong inquiry.").

The "crucial date" is the date CoreCivic "should have been aware that its interests would no longer be protected adequately by the parties." *Kalbers*, 22 F.4th at 822-23. CoreCivic seeks to intervene for a limited, dual purpose: to appeal the Court's Order and to seek a stay of that Order pending the appeal. CoreCivic filed its Motion to Intervene on March 3, 2026, just 21 days after that Order. (Dkt. 82.) It had to because Defendants had not filed a notice of appeal or moved to stay the Order, and CoreCivic had no assurances that Defendants would do either one. Waiting a few weeks to see if they would appeal and then to prepare and file its Motion to Intervene *and* Motion to Stay was reasonable. Indeed, moving to intervene sooner could have squandered resources (if Defendants shortly thereafter filed a notice of appeal and motion to stay pending appeal). But waiting any longer exposed CoreCivic to compounding, daily prejudice because the Order remained in place and unchallenged. Because Defendants had not yet decided to appeal or stay the Order, CoreCivic's interests were no longer protected. CoreCivic had to act. *Cf. Ameriprise Fin. Servs., LLC v. Intervening Advisors*, 2026 WL 84565, at *1 (9th Cir. Jan. 12, 2026) (two-month delay in filing motion to intervene was not untimely).

Plaintiffs assert that CoreCivic "should have intervened much earlier in the litigation" because "any alleged divergence in interests between CoreCivic and ICE existed from the outset of the litigation." (Dkt. 106 at 15.) Again, the "crucial date" is the date CoreCivic should have been aware that its interests "would no longer be protected adequately by" Defendants, *Kalbers*, 22 F.4th at 822-23, not a mere "divergence in interests."[2] Nonetheless, since the outset of this litigation,

---

[2] Plaintiffs do not explain how CoreCivic's and Defendants' interests diverge.

- 5 -

CoreCivic's interests had been adequately protected by Defendants—they opposed Plaintiffs' Motion for Preliminary Injunction and Motion for Class Certification. (Dkt. 38, 39.) It was not until after the Order and the uncertainty surrounding whether Defendants would appeal the Order that CoreCivic's interests were no longer adequately protected. *See Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.*, 2018 WL 11352129, at *2 (D. Ariz. Nov. 15, 2018) ("It was not until NABR became aware of the Government's uncertainty regarding appeal that it deemed intervention necessary. In light of the Government's decision not to appeal, there are no remaining parties to represent Intervenor Applicant's members on appeal. NABR's motion to intervene was filed prior to the expiration of the time for seeking an appeal, and as such cannot be said to prejudice either party to the litigation.").

Plaintiffs' cited cases are not to the contrary. They principally rely on *Roman v. Mayorkas*, 2021 WL 4621947 (C.D. Cal. July 7, 2021). In that case, the intervenor (a private detention facility operator) sought to intervene in the underlying action 15 months after the lawsuit was filed and after the district court entered a preliminary injunction ordering a reduction of the detainee population, the Ninth Circuit affirmed that preliminary injunction, and the district court entered a modified preliminary injunction. *Id*. at *1. The intervenor sought to intervene "to further modify the modified preliminary injunction." *Id*. The district court ruled that the request was untimely because the intervenor could have and should have intervened at several "critical stages" throughout the litigation. *Id*. at *2. The circumstances before this Court are not similar at all. CoreCivic seeks to intervene for the limited purpose of appealing the Court's Order and did so within three weeks of that Order.

All the other cases that Plaintiffs rely on are similarly inapt. None of them involved a request to intervene to appeal an order but instead involved intervention into the underlying case. *See Calif. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1116-17, 1119-20 (9th Cir. 2002) (a request to intervene to oppose the court's approval of a stipulated consent decree more than six years after the lawsuit commenced, sixteen months after learning that the parties were engaged in settlement negotiations with terms that impacted intervenors, and three months after learning that the parties had settled and solicited comments); *Alaniz v. Tillie Lewis*

- 6 -

*Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (a request to intervene filed to "relitigate" the entry of a consent decree filed two and a half years after suit and after the consent decree was entered); *United States v. State of Oregon*, 913 F.2d 576, 588-89 (9th Cir. 1990) (a request to intervene "in an ongoing proceeding" filed 20 years after action was filed and intervenors knew for several years before court-ordered plan that their interests would be impacted); *Pampena v. Musk*, 2026 WL 457256, at *1 (N.D. Cal. Feb. 18, 2026) (a request to intervene in the action "a month before trial"); *Chavez v. PVH Corp.*, 2014 WL 6617142, at *4-5 (N.D. Cal. Nov. 20, 2014) (a request to intervene to object to class settlement nine months after learning of lawsuit, six months after learning terms of settlement, and one month after the court preliminarily approved the settlement).

Plaintiffs last argue that CoreCivic waived the ability to intervene for purposes of appealing and staying the Order because it did not seek to intervene after the parties agreed to ensure specific healthcare to two detainees. (Dkt. 106 at 16.)  As a threshold matter, Plaintiffs mischaracterize the events leading up to and resolving that agreement.  Plaintiffs filed a Motion for Temporary Restraining Order on December 16, 2025 (Dkt. 27), requesting the Court to "enjoin[]" Defendants to "ensure" that two detainees receive a medical "assessment" and "treatment plan" and to "retain jurisdiction to monitor Defendants' compliance" (Dkt. 27-7).  The Court set a deadline for the parties "to file [a] joint proposed disposition" or for Defendants' to file an opposition.  (Dkt. 29).  On December 22, 2025, the parties filed a Stipulation that withdrew Plaintiffs' Motion for Temporary Restraining Order and set forth a briefing schedule for Plaintiffs' pending Motion for Preliminary Injunction.  (Dkt. 34.)  That same day, the Court signed the proposed order, which stated only: "Pursuant to Stipulation, It Is So Ordered."  (Dkt. 36.)  The Court did not "grant[]" the Motion for Temporary Restraining Order, "issue[]" a temporary restraining order, or "direct[]" or "require[]" Defendants to comply with the stipulation, as Plaintiffs contend.  (Dkt. 106 at 9, 11, 14, 17, 22.)  Defendants also did not "agree[]" to the relief requested in the Motion for Temporary Restraining Order (*id*. at 16).  (*Compare* Dkt. 34, with Dkt. 27-7.)

It is questionable whether the Court's December 22, 2025 Order approving the parties' Stipulation was immediately appealable.  Nonetheless, CoreCivic's non-intervention and/or non-appeal following Defendants' agreement and/or the Court's Order does not render untimely

- 7 -

CoreCivic's Motion to Intervene for the purpose of appealing and staying the Court's February 10, 2026 Order. Plaintiffs cite no authority supporting their waiver theory. The parties' Stipulation and the Court's Order are nothing alike. The former required a medical "assessment" and "treatment plan" for just two detainees. (Dkt. 27-7.) The latter certified a class of all current and future ICE detainees detained at the California City Detention Facility (Plaintiffs estimated there were 800 detainees detained at the Facility on the date they filed their Motion for Class Certification (Dkt. 21 at 17)) and imposed a classwide injunction pertaining to healthcare, legal access, *and* conditions of confinement—and—ordered the appointment of a monitor to review medical records, conduct "on-site inspections and interviews with patients and staff," and "ensure compliance" with the healthcare aspect of the injunction. (Dkt. 72.)

## II. CoreCivic Has a Right to Intervene.

### A. CoreCivic Has a Significant Protectable Interest that Will Be Impaired by the Court's Order.

Plaintiffs do not dispute that CoreCivic owns, and is responsible for the operation of, the Facility, including the provision of healthcare, legal access, and conditions of confinement.[3] Plaintiffs also do not dispute that the Order will affect the way in which CoreCivic operates that Facility. Indeed, the Order requires a change in healthcare staffing, intake screening, initial appraisals, access to medical specialists, emergency services, appointments, provision of medication, care requests, in-person legal visitation, scheduling of legal calls, clothing, blankets, and outdoor recreation. (Dkt. 72.) It also requires Facility access to a third-party monitor and confers upon that monitor unlimited authority to "ensure compliance," including medical-records review and "on-site inspection and interviews with patients and staff." (*Id*.) Plaintiffs do not—and cannot—dispute that CoreCivic has a protectable interest in its business operations and that the Order "will have direct, immediate, and harmful effects" on that interest. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001); *see also*, *e.g.*, *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 748 (7th Cir. 2020) ("[I]t quickly becomes clear that the

---

[3] A redacted copy of CoreCivic's contract with ICE can be found on ICE's website. *See* https://www.ice.gov/doclib/foia/detFacContracts/70CDCR25D00000010_P00003_CaliforniaCity CDF_CaliforniaCityCA.pdf; *see also* https://www.ice.gov/foia/library.

- 8 -

transmission companies are entitled to participate as parties to this litigation to protect their private investment in this massive energy project. … They own, finance, and will operate the transmission line in question, and have obligations to their investors in connection with its construction and operation. They have substantial sunk and anticipated future investments in the power line, and a valid expectation of a return on their investment …."); *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998) ("Timber companies have direct and substantial interests in a lawsuit aimed at halting logging or, at a minimum, reducing the efficiency of their method of timber-cutting."); *New York Pub. Int. Rsch. Grp., Inc. v. Regents of Univ. of State of N. Y.*, 516 F.2d 350, 351-52 (2d Cir. 1975) (intervenor-pharmacists had cognizable interest where state law could impact business practices and impact economic interests); *Timber View Props., Inc. v. M&T Prop. Invs. Ltd*, 2016 WL 3355455, at *7 (S.D. Ohio June 17, 2016) (intervenor had "a legally protectable interest in the operation of the business on the same property which is subject to the foreclosure action here and the order appointing a federal receiver over that property").[4]

Plaintiffs argue that CoreCivic's interests (business, contractual, economic) are not valid because the Order "is aimed at remedying Defendants' constitutional violations" and CoreCivic is "required to detain [detainees] in constitutional conditions." (Dkt. 106 at 19-20.) Neither one diminishes CoreCivic's protectable interests or is a basis to deny intervention. Those extant interests allow CoreCivic to intervene to *challenge* the validity of the Order on appeal. *See* Fed. R. Civ. P. 24(a)(2). Plaintiffs also contend that the Order does not implicate any due process rights because it "undoubtedly was on actual notice of the relief Plaintiffs were seeking" and the Order "is unambiguous and specific." (Dkt. 106 at 21.) But again, they do not dispute that the Order effectively enjoins CoreCivic—a non-party—and the validity of the Order is a question to be decided on appeal. For purposes here, CoreCivic undoubtedly has an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2).

---

[4] Plaintiff relies on *San Francisco Baykeeper v. United States Fish & Wildlife Service*, 2021 WL 3426961, at *7 (N.D. Cal. Aug. 5, 2021), but in that case, the plaintiff's request for relief did not affect the intervenor's interest. Here, the Order affects CoreCivic's interests.

CORECIVIC'S REPLY TO EMERGENCY MOT. TO INTERVENE          CASE NO. 3:25-CV-09757-MMC

**B.    CoreCivic's Interests Are Not Adequately Represented by the Parties.**

Plaintiffs argue that CoreCivic's interests are adequately represented because Defendants "share precisely the same ultimate objective: defending their operation of [the] Facility." (Dkt. 106 at 22.)  Aside from the fact that that assertion directly contradicts Plaintiffs' timeliness argument that Defendants' interest "were never fully aligned" (*id*. at 9-10), it is not relevant here.  The test is "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  Because Defendants have not filed a notice of appeal, they will not make *any* arguments on appeal.  CoreCivic should be allowed to intervene as a matter of right.

**III.    Alternatively, CoreCivic Should Be Permitted to Intervene.**

Timeliness is satisfied under Rule 24(b) for the same reasons it is satisfied under Rule 24(a).  Plaintiffs also do not dispute that subject matter jurisdiction is not disturbed by CoreCivic's intervention.  Thus, these two threshold arguments are satisfied for permissive intervention.  *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Circ. 1992).

Plaintiffs argue that permissive intervention should be denied because CoreCivic did not attach a "pleading" to its Motion to Intervene setting forth its claim or defenses, as required by Rule 24(c), and, therefore, it is difficult to decipher whether it shares a "common question of law or fact" with the main action under Rule 24(b)(1)(B).  But as Plaintiffs acknowledge, the Ninth Circuit has "made clear that the failure to comply with the Rule 24(c) requirement for a pleading is a 'purely technical' defect" that can be overcome if the intervenor's claim or defense is apparent. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.").  Here, CoreCivic's Motion to Intervene and contemporaneously filed Motion to Stay Pending Appeal (Dkt. 86) thoroughly set forth CoreCivic's interests in this litigation, the reasons supporting its request for intervention, and the arguments it intends to make on appeal (*id*.).  *See*

*Westchester*, 585 F.3d at 1188 (Rule 24(c) satisfied where intervenor identified its interests in its motion to intervene); *Beckman*, 966 F.2d at 475 (intervention permitted where "the movant describes the basis for intervention with sufficient specificity to allow the district court to rule"). Plaintiffs' contention that it cannot decipher whether CoreCivic shares a common question of fact or law with the action is implausible. As they say themselves, "ICE and CoreCivic share precisely the same ultimate objective" in this litigation. (Dkt. 106 at 22.)

Plaintiffs last argue that the Court should deny permissive intervention as a matter of discretion. They contend that intervention will (1) "prolong and unduly delay the proceedings," (2) inflict "irreparable harm," and (3) "provide nothing new," and that CoreCivic's interests are (4) not legitimate and (5) adequately represented by Defendants. (Dkt. 106 at 24-25.) The last two assertions are debunked *supra*. The first three assertions are not convincing.[5]

Regarding delay, the inquiry is whether the intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(3). Preliminary injunction orders are immediately appealable, *see* 28 U.S.C. § 1292(a), as are orders granting or denying class certification, *see* Fed. R. Civ. P. 23(f), and Defendants do not oppose CoreCivic's intervention for purposes of appealing the Order. Thus, any delay in resolving the appeal (which is already on an expedited basis) is neither undue nor prejudicial to the adjudication of the lawsuit. Plaintiffs' contention that the class will suffer irreparable harm is a red herring. Irreparable harm is a factor to consider in deciding CoreCivic's Motion to Stay Pending Appeal. If a stay is not granted, the Order continues uninterrupted. Finally, CoreCivic's appeal will unquestionably add something new—a challenge to the Order.

## IV.    Conclusion.

For these additional reasons, the Court should grant CoreCivic's Motion to Intervene.

---

[5] Plaintiffs do not argue that CoreCivic does not have "standing to raise relevant legal issues." *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Dated:  March 24, 2026

By s/ Daniel P. Struck
Daniel P. Struck
Dana M. Keene
Shannon L. Knorr

Nicholas H. Rasmussen
MᶜCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

*Attorneys for Intervenor CoreCivic, Inc.*

- 12 -