KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022, *pro hac vice*
tess@prisonlaw.com
PATRICK BOOTH - # 328783
patrick@prisonlaw.com
ALISON HARDY - # 135966
ahardy@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>                         Plaintiffs,<br><br>        v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and | Case No. 3:25-cv-9757-MMC<br><br>**[~~PROPOSED~~] ORDER APPOINTING MUTHUSAMY ANANDKUMAR AS ~~COURT EXPERT PURSUANT TO FRE 706~~ EXTERNAL MONITOR**<br><br>Judge:    Hon. Maxine M. Chesney<br><br>Date Filed:  November 12, 2025 |

Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security,

Defendants.

# [~~PROPOSED~~] ORDER APPOINTING MUTHUSAMY ANANDKUMAR AS EXTERNAL MONITOR

At a hearing on February 6, 2026, the Court found evidence of systemwide failures in Defendants' delivery of health care services at California City Detention Facility in the areas of health care staffing, intake procedures and assessments, access to medical specialists and emergency services, continuity of care, access to prescribed medications, and the "sick call" system. The Court concluded that Plaintiffs would suffer irreparable harm if the Court did not issue relief, that harm to some of the Named Plaintiffs and putative class members had already occurred, and that the balance of the equities and public interest favored a preliminary injunction. Accordingly, the Court granted in part Plaintiffs' Motion for Preliminary Injunction and provisionally certified the Class. *See* ECF No. 71. On February 10, 2026, the Court enumerated the specific relief ordered, including eight basic components of a functional health care system, and ordered Defendants to provide access to an External Monitor to ensure compliance with those basic components and the provision of constitutionally adequate health care. ECF No. 72 ("February 10 Order"). The February 10 Order required the parties to meet and confer regarding the selection of the External Monitor and to present their proposal(s) to the Court, after which the Court would enter a further Order of appointment. *Id.* Following the parties' status conference regarding the appointment of the monitor on March 5, 2026, the Court appointed Dr. Muthusamy Anandkumar as External Monitor. ECF No. 96. The Court further ordered the parties to meet and confer with respect to the form of the appointment order. *Id.*

The parties have presented their proposals for the form of the appointment order to the Court. Having reviewed those submissions, the Court hereby **ORDERS**:

1. Pursuant to ~~Rule 706 of the Federal Rules of Evidence~~ the Court's equitable authority, Muthusamy Anandkumar, M.D., is appointed as the ~~Court's expert and~~ External Monitor to monitor compliance with the Court's February 10, 2026, Order and the provision of constitutionally adequate health care. ~~Dr. Anandkumar's *curriculum vitae* is attached as Exhibit 1.~~ Dr. Anandkumar's review of patient-specific information described in this

Order shall be subject to protective order.[1]

2. The External Monitor's appointment is for a period of 120 days from the date of this Order (the "Term of Appointment"), subject to renewal by court order.

To ensure the External Monitor can monitor compliance with the February 10 Order and render a complete report to the Court, it is further **ORDERED**:

3. The External Monitor ~~will~~ shall be granted remote read-only access to California City Detention Facility's electronic health record system ("EHRS") for the full term of appointment. The External Monitor may select up to one team member to assist with medical record reviews. That team member shall be granted remote read-only access to the EHRS, subject to protective order, but shall not be permitted to attend the site visit described below.  The External Monitor and team member shall fully comply with all of Defendants' and CoreCivic's applicable security protocols and system configurations.

4. Upon request at any point during the Term of Appointment, Defendants shall provide the following documents to the External Monitor in electronic format, to the extent such documents exist:

    a.  health care policies and procedures;

    b.  patient lists related to particular diagnoses, detainees enrolled in chronic care clinics, prescriptions, detainees in medical observation/housing, pending orders, emergency room visits, specialty care visits, and off-site visits and returns;

    c.  rosters of health care staff and current schedules, by position;

    d.  the facility's medication/drug formulary and documentation of non-formulary requests and approvals/denials;

    e.  the tool or criteria used to approve or deny referrals to specialists and utilization management logs or other records documenting approval, denials, and deferrals (including alternative treatment plans);

    f.  logs of suicide watch placements, attempted suicides, and self-harm incidents;

---

[1] If the parties do not stipulate to a protective order in time, the External Monitor and his team member shall indicate assent to the Model Protective Order for Highly Sensitive Confidential Information available on the U.S. District Court for the Northern District of California's website.

2

g.  sick call requests and health care grievances/appeals, and the facility's responses, including tablet and paper submissions, for all patients during a 30-day period, and for specific patients, upon the External Monitor's request, when the relevant documents are not in the EHRS; and,

h.  any other documents or information that the External Monitor determines in his expertise he needs to assess compliance, which he shall jointly identify for the parties. If there is a dispute about his entitlement to records, the parties shall meet and confer in an attempt to resolve the dispute and then seek the Court's assistance as needed.

5.  The External Monitor shall be permitted one in-person inspection lasting up to three full days at the facility, to be scheduled on business days (Monday through Friday) with at least one week's notice. Counsel for the parties and/or intervenors or proposed intervenors may not attend the site visit. On site, the External Monitor shall be permitted to:

a.  inspect any area of the facility and grounds related to the provision of health care;

b.  observe pill call and the collection of sick call slips in up to four housing pods of his selection;

c.  interview custody and medical staff, whether full-time or contract employees. If key health care staff are not available on the date(s) of the site visit, they will be made available to the External Monitor via videoconferencing within two weeks of the site visit's conclusion, subject to availability due to scheduled leave;

d.  interview patients of his choosing, provided they and class counsel consent, in a confidential room with sound privacy from any facility staff. Should the External Monitor wish and the facility approve it based on safety and security, the room shall allow for contact, *i.e.* not include a glass partition. ~~Defendants will compensate an in-person Spanish language interpreter to accompany the External Monitor for patient interviews and will facilitate access to an external phone line for patient interviews that require interpretation for other languages.~~ Confidential language interpretation services shall be provided using contracted remote

3

language services (VOYCE). All interpreters will be subject to protective order.

e.  review and receive a demonstration of the facility's health care scheduling system and relevant electronic databases or dashboards, including but not limited to system(s) that display pending appointments for specialists and clinic operations;

f.  review any facility video relevant to health care, including but not limited to emergency responses, unless upon review by the Warden or his designee, disclosure of the video would implicate safety or security concerns~~, and any business, budgetary, and/or operational documents relevant to health care~~; and,

g.  bring necessary materials and equipment into the facility, including one laptop, but the External Monitor may not take photographs or make audio or video recordings given safety and security concerns. Should the External Monitor wish to have photographs or video recordings taken, a designated staff member will take the photograph and/or video recording requested by the External Monitor using a facility camera and confirm with the External Monitor that the photograph or video recording captures the intended subject(s). Any photographs or video recordings taken during the inspection will be subject to a security review by Defendants and CoreCivic, and all photographs and video recordings approved for disclosure will be provided to the External Monitor.

6. The External Monitor shall not be permitted to communicate *ex parte* either verbally or in writing with counsel for the parties. ~~as needed to perform his duties.~~ All written communications, emails, and document productions to or from the Monitor shall be copied to counsel for all parties.

7. By the conclusion of the Term of Appointment, the External Monitor shall produce a report assessing Defendants' compliance with the February 10 Order and the provision of constitutionally adequate health care and making recommendations for remedial actions. The report shall be filed on the docket but shall contain no personal identifiers of patients. Individual patients shall be identified in a separate confidential appendix provided to counsel for the parties and to the Court under seal. Before filing, the External Monitor

4

shall serve the parties with the report and appendix, copying all parties, and the parties shall have 14 days from the date of service to submit written comments to the External Monitor, with all parties copied. In his discretion, the External Monitor may modify the report in any manner suggested by a party before filing it with the Court.

8. The External Monitor ~~and his team member~~ shall be paid at a rate of $425/hour. ~~They~~ He shall submit ~~their~~ his reasonable fees and expenses to the Court and shall be paid by Defendants upon order of the Court.

Defendants shall provide access to items requested by the External Monitor within seven days of the request. The External Monitor shall jointly alert the parties to issues in the timely provision of such items. The External Monitor and/or the parties may bring any concerns about access to the Court's attention. An undue delay in compliance with any portion of this Order, to the extent it prevents the External Monitor from timely or effectively completing his work, may be cause to extend the term of appointment.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
Hon. Maxine M. Chesney
United States District Judge

5