IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERNANDO GOMEZ RUIZ, et al.,

    Plaintiffs,

    v.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,

    Defendants.

Case No.  25-cv-09757-MMC

**ORDER GRANTING MOTION TO TRANSFER**

Before the Court is the "Motion to Transfer Venue," filed January 2, 2026, whereby defendants U.S. Immigrations and Customs ("ICE"); Todd Lyons, Acting Director, ICE; Sergio Albarran, Acting Director, San Francisco Field Office, ICE; United States Department of Homeland Security ("DHS"); and Kristi Noem, Secretary, DHS (collectively, "defendants") seek an order transferring the above-titled action to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).  Plaintiffs have filed opposition, to which defendants have replied.

The matter came on regularly for hearing on February 6, 2026.  Steven P. Ragland and Cody S. Harris of Keker, Van Nest & Peters LLP, Kyle Virgien of the American Civil Liberties Union Foundation, and Margot Mendelson and Tess Borden of the Prison Law Office appeared on behalf of plaintiffs.  Savith Iyengar of the United States Attorney's Office appeared on behalf of defendants.

The Court, having read and considered the parties' respective written submissions and considered the arguments of counsel made at the hearing, hereby rules as follows.

**BACKGROUND**

In the operative complaint, the First Amended Complaint ("FAC"), plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, and Alejandro Mendiola Escutia (collectively, "plaintiffs"), bring this lawsuit as civil detainees at California City Detention Facility ("CCDF"), a previously shuttered state prison located in the Mojave Desert and operated by a for-profit entity, CoreCivic, pursuant to contract with defendant ICE. Plaintiffs seek declaratory and injunctive relief pertaining to a wide range of what they describe as "inhumane conditions" (see FAC ¶ 1) at CCDF, including, inter alia, inadequate healthcare (see id. ¶¶ 124-183), inadequate clothing and bedding (see id. ¶¶ 113-114), inadequate access to outdoor activity (see id. ¶¶ 88-92), and inadequate access to legal counsel (see id. ¶¶ 184-202.)

Based thereon, plaintiffs, on their own behalf and on behalf of a putative class, assert four claims for relief under the United States Constitution as well as one claim for relief under the Rehabilitation Act, and, on December 1, 2025, filed a Motion for Preliminary Injunction and a Motion for Class Certification, both, at plaintiffs' request, rescheduled for hearing on February 6, 2026, the same date as that to which defendants subsequently noticed their Motion to Transfer.

At the above-referenced hearing, the Court informed the parties of its decision to transfer the action. At plaintiffs' request, however, the Court also considered the other two motions to the extent plaintiffs sought the most urgent items of relief, and, at the conclusion of the hearing, deferred transferring the action and granted a preliminary injunction along with an order provisionally certifying a class.

The one remaining order pertaining to plaintiffs' motions, namely, the appointment of a monitor, having been filed, the Court now issues its transfer order, listing herein, in summary format, the reasons that are set forth in substantially greater detail on the record at the hearing.

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding whether transfer is appropriate, district courts consider the following non-exhaustive list of factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." See Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2011) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)). The burden of showing the propriety of transfer is on the moving party. See id.

As a threshold matter, the Court notes there is no dispute that the instant action can be brought in the Northern District, as defendant Albarran "resides" here. See 28 U.S.C. § 1391(e)(1)(A); see also Lamont v. Haig, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (noting "[w]hat controls is the official residence of the federal defendant where the official duties are performed"). Likewise, there is no dispute that the instant action might have been brought in the Eastern District, as a "substantial part of the events . . . giving rise to the claim[s] occurred" there. See 28 U.S.C. § 1391(e)(1)(B). The Court thus turns to the above-listed factors.

The first factor, plaintiffs' choice of forum, weighs against transfer, albeit only slightly. Although a plaintiff's choice of forum is entitled to deference, such choice is, at most, entitled to minimal consideration where, as here, no plaintiff is a resident of the forum district[1] and none of the events giving rise to the action have occurred in the forum district. See Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954-55 (9th Cir. 1968)

---

[1] All plaintiffs are currently residing at CCDF. (See FAC ¶¶ 13-19.) Further, with the exception of plaintiff Gomez Ruiz, who is alleged to have lived in Los Angeles prior to his arrest (see id. ¶ 13), no prior residency of any plaintiff has been identified.

(holding, where plaintiff is not "found" in chosen district and no "operative facts" have occurred therein, "plaintiff's choice is entitled only to minimal consideration").

The second factor, convenience of the parties, weighs in favor of transfer.  As noted above, all plaintiffs currently are located in the Eastern District, and only one of the defendants, Albarran, resides in this District.

The third factor, convenience of the witnesses, weighs strongly in favor of transfer. Almost all of the foreseeable witnesses, both party and non-party, are located in the Eastern District, the only witness identified as residing in this district being defendant Albarran, whose relevance appears, at best, to be minimal.

The fourth factor, ease of access to evidence, weighs in favor of transfer. Although, in all likelihood, the relevant documents can be accessed electronically, plaintiffs' claims rely essentially exclusively on issues pertaining to the facility itself, and, as defendants point out, "the parties' and the Court's access to and ability to tour the facility . . . will be difficult or impossible if the case proceeds in the Northern District." (See Mot. at 20:24-21:6); see, e.g., Williams, 157 F. Supp. 2d at 1109-10 (transferring case against prison officials to Eastern District of California, where facility was located; weighing access-to-evidence factor in favor of transfer where "viewing the premises may be necessary").

The fifth factor, familiarity of each forum with the applicable law, weighs neither in favor of nor against transfer, in that plaintiffs' claims are brought under federal law. See, e.g., Allstar Mktg. Grp., LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1133 (C.D. Cal. 2009) (holding district courts are "equally capable of applying federal law").

The sixth factor, feasibility of consolidation of other claims, is not addressed by either party, and, given that no claims potentially capable of consolidation have been identified, the Court does not further address this factor herein.

The seventh factor, local interest in the controversy, weighs in favor of transfer. Although all California districts may have an interest in the subject, the locus of the relevant events is the Eastern District, and, in light thereof, the Eastern District would

appear to have the strongest interest in the case.  See, e.g., Williams, 157 F. Supp. 2d at 1110 (weighing districts' relative interests; finding district in which dispute arose "ha[d] the greater interest in th[e] case").

As to the eighth factor, relative court congestion and time of trial in each forum, reported statistics arguably support both sides' respective arguments.  In particular, defendants note the median time from filing to disposition for all cases considered together, i.e., both those involving court action and those not involving court action, is 8.1 months in the Eastern District as compared with 20.5 months in this district, while plaintiffs note the median time to trial is considerably longer in the Eastern District than the Northern District, the same statistical report listing 65.2 months in the former and 42.4 months in the latter. [2]  Moreover, given the nature of the instant case, neither the combined figures on which defendants rely nor the median times to trial cited by plaintiffs are particularly meaningful.  Nevertheless, although, as one district court has observed, "administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer," see Sec. & Exch. Comm'n v. Christian Stanley, Inc., No. 11-cv-7147, 2012 WL 13012496, at *4 (C.D. Cal. Apr. 4, 2012) (internal quotation, citation, and alteration omitted), the Court, in this instance, has given this factor close attention, and finds it weighs slightly against transfer.

In sum, four factors weigh in favor of transfer, with one weighing particularly heavily in that regard, two factors weigh against transfer, albeit only slightly, one factor is neutral, and one factor is inapplicable.

Accordingly, the Court finds the requested transfer to the Eastern District of California is appropriate.

---

[2] See Table C-5—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (June 30, 2025), U.S. District Courts, https://www.uscourts.gov/data-news/data-tables/2025/06/30/statistical-tables-federal-judiciary/c-5 (last visited Mar. 30, 2026); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

5

**CONCLUSION**

For the reasons stated both on the record at the hearing and in this Order, defendants' Motion to Transfer is hereby GRANTED, and the Clerk of Court is hereby DIRECTED to transfer the above-titled action to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
MAXINE M. CHESNEY
United States District Judge